STATE OF MINNESOTA *vs.* CHARLES EHRIG & another.

April 20, 1875.

Appeals in Criminal Cases.—A criminal case cannot be removed from a district court to the supreme court, by an appeal taken from the verdict of a jury therein.

Appeal by defendant from the district court for Hennepin

county, where he had been convicted of larceny, upon a trial before *Vanderburgh*, J., and a jury.

*Wilson & Lawrence*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J.   The record before us shows that defendant Charles Ehrig, on a separate trial upon an indictment for larceny, was found guilty by the verdict of a jury, which also found the value of the stolen property to be one hundred and five dollars; that what purports to be a statement of the case, comprising the evidence and proceedings therein, was made and allowed by the judge of the trial court; but no motion for a new trial or otherwise has ever been made in that court, nor has any judgment been rendered and entered on the verdict.   It does not appear that any question of law, of any character, has ever been suggested, or attempted to be raised in the trial court; but the defendant has taken an appeal to this court from such verdict, on the ground of the insufficiency of the evidence to support it.

The appellate jurisdiction of this court can only be exercised in the manner prescribed by law, and in accordance with its recognized rules of practice and procedure.   Mere acquiescence and consent of parties will not confer upon it jurisdiction or authority to take cognizance of a case not properly and legally before it; and whenever such a case is apparent upon the face of the record, it is incumbent upon the court to notice it.

A criminal case can be removed to this court, by appeal, only after the decision of a motion denying a new trial, or after a judgment.   § 1, ch. 117, Gen. Stat., as amended by ch. 76, Laws 1870.   There is no provision of statute, nor rule of practice, allowing an appeal to be taken from a verdict.   Hence the appeal in this case must be dismissed.