STATE OF MINNESOTA *vs.* ANDREW A. WESTON.

February 12, 1877.

**Change of Venue in Criminal Cases—Certiorari.**—The writ of *certiorari* will not lie to remove to this court, for review, an intermediate decision of the district court in a criminal case. Such decisions must be embraced in a bill of exceptions, when the defendant may bring them before this court for review only by writ of error upon the judgment, or appeal from the judgment, or order denying a new trial.

*Certiorari* to review an order of the district court for Blue Earth county, *Dickinson*, J., presiding, denying the defendant's motion for a change of venue.

*Waite & Freeman* and *Brown & Wiswell*, for defendant.

*M. J. Severance* and *A. R. Pfau*, for the State.

GILFILLAN, C. J. The defendant was indicted for the crime of murder. In the court below he made an application, upon affidavits, for an order changing the venue. This application was denied, whereupon he sued out a writ of *certiorari* to remove the proceedings to this court for review. A return having been made, and the matter coming on for argument in this court, we are met by the preliminary question, will a writ of *certiorari* lie to remove to this court, for review, an intermediate order or decision of the district court in a criminal case?

The statute regulating the removal of causes for review provides for removal of a criminal case, at the instance of the defendant, to this court for review, *first*, by writ of error upon the judgment; *second*, by appeal from the judgment, or from an order denying a new trial.

Gen. St. c. 117, § 1, as amended by the act of March 8, 1870, (Laws 1870, c. 76,) provides: "Criminal cases may be removed by the defendant to the supreme court, by appeal or writ of error, at any time within six months after judgment, or after the decision of a motion denying a new trial." Section 6 of the same chapter, as amended by the same act, provides: "Any person who is convicted of a crime, before the district court or court of common pleas aforesaid, being aggrieved by any opinion, direction, or judgment of the court in any matter of law, may allege exceptions to such opinion, direction, or judgment; which exceptions, being reduced to writing in a summary manner, and presented to the court any time before the end of the term, or at any special term thereafter which the court may designate for that purpose, and being found conformable to the truth of the case, shall be allowed and signed by the judge, and may be used on a motion for a new trial, and, when judgment is rendered, shall be attached to and become a part of the judgment roll." These two sections, wherever they apply, exclude any other mode for the defendant to remove a judgment, or order denying a new trial, to this.

court for review. Section 6 provides for presenting to this court, on such removal to it of a criminal case, any decision of the court below, final or intermediate, made in the progress of the cause. It must be concluded that such questions can be presented only in the mode prescribed. We can review the decisions of the district court only when they are thus brought before us.

The statute authorizing this court to issue writs of *certiorari* does not affect the case. That power can be exercised by the court when that writ is the proper mode of removal, and in no other case.

Writ dismissed.