## STATE OF MINNESOTA *vs.* KATE NOONAN.

### August 31, 1877.

Certiorari in a Criminal Case, to Review an Intermediate Order, Before Judgment.—A writ of *certiorari* will not lie to remove from a district court a criminal case, before judgment, for the purpose of obtaining a review of an intermediate ruling or order made therein. *State* v. *Weston*, 23 Minn. 366, followed and approved.

*Certiorari*, granted on the petition of Kate Noonan, and directed to the judges of the district court for Hennepin county, commanding them to certify to this court all the record in any way or manner appertaining to the proceedings had before them at the general (1877) May term of the said district court, upon an indictment found by the grand jury against the said Kate Noonan, for the crime of murder, wherein and whereby the said Kate Noonan was tried upon the said indict-

ment; and ordered to further certify whether the said Kate Noonan was personally present in court at the time the said jury were discharged, after the said action had been submitted to them for deliberation upon their verdict, before they had agreed upon a verdict; and also to further certify whether, at the said time, the said Kate Noonan was in custody in the jail of the said county; and whether, on the fourteenth day of July, 1877, the said term of court was adjourned without day. Upon the return to the writ a motion was made that the said writ be quashed, and August 13, 1877, an order was entered by this court dismissing the said writ.

*D. A. Secombe,* for defendant.

*Wm. Lochren,* for the state.

CORNELL, J. The writ herein was granted upon the *ex parte* application of the petitioner. It was not obtained as ancillary or auxiliary to any other process. Its purpose, as stated in the petition, was to secure "a speedy trial or such other relief as might be lawful." In respect to the specific relief sought, if any just cause therefor exists, the remedy is not by the common law writ of *certiorari,* but by a writ of *procedendo* or *mandamus.* 1 Bouvier, ("Certiorari,") 251.

Under the prayer for general or other relief the right is claimed of removing from the district court the record and proceedings in this action, which is still pending and undetermined in that court, to the end that certain alleged irregularities and errors, claimed to have been committed during the trial, may be considered and passed upon by this court in the exercise of its appellate jurisdiction. The court below is one of record and of general jurisdiction, and possessed the exclusive original power and authority to try the indictment in question, and to hear and determine all questions that properly arose during the progress of the trial. Its proceedings therein were strictly in accordance with the course of the common law, and an ample and adequate remedy was provided by statute for the correction of any and all errors committed in the exercise of its jurisdiction by appeal, or writ of

error, after exceptions duly taken, and made a part of the record. None of the alleged errors and irregularities specified in the petition are of a jurisdictional character. They all relate to matters and questions which occurred in the course of the trial, and which were clearly within the jurisdiction of the trial court to hear and determine in the first instance. The writ herein having been issued upon an *ex parte* application, a motion to dismiss is made upon the ground that it was improvidently granted. This properly raises the question whether it can be sustained upon the statements contained in the petition. *Wadsworth* v. *Sibley*, 38 Wis. 484.

The case of *State* v. *Weston*, 23 Minn. 366, decided at the October term, 1876, presented the precise point whether, under the laws of this state, a common law *certiorari* lies to remove to this court for review any intermediate order or decision made by a district court in a criminal case, and it was distinctly and definitely held and settled that it will not.

The decision was rested upon the ground that the statute provides a specific way for obtaining a review of such decisions, ample and adequate, and therefore exclusive of every other. The principle of the decision is that a common law *certiorari* will not lie to remove a criminal case before judgment from a court of record of general jurisdiction, proceeding according to the course of the common law, for the purpose of obtaining a review of any intermediate order or decision made therein, whenever any other available and adequate remedy is provided. Any other doctrine would prove extremely mischievous and embarrassing in the administration of criminal justice. As the writ when issued and served operates as a *supersedeas*, if it is to issue, *ex debito justitiæ*, at the instance of a defendant, at any and every stage of a prosecution, whenever he deems himself prejudiced by an adverse order or ruling, it is easy to see how it could be used as a very effectual means of delay, in order to get rid of some important witness or damaging testimony. Moreover, if the decision is one not made a matter of record, except by a bill of excep-

tions, it is difficult to perceive how it could fairly and properly be presented to the appellate court for consideration, on a removal of a case in this way. Bac. Ab. 165–6; *F. R. W. P. Co.* v. *Co. Com's*, 112 Mass. 212; *Vide, Chittenden* v. *The State*, 41 Wis. 285.

The case of *Minn. Cent. R. Co.* v. *McNamara*, 13 Minn. 508, cited upon the argument, in no way conflicts with the principle adjudicated in the *State* v. *Weston*, 23 Minn. 366. In the former case the proceedings which were sought to be reviewed were different from the common law, and the party who alleged error therein was remediless except by means of this process. The remarks of the court there made in regard to the enlarged office and increased scope of a common law *certiorari*, though strictly correct as applied to that case and the class which it represents, had no reference whatever to the class of which this is an example.

The distinction between the two classes, and the office of the writ as applied to each, is very clearly and fully stated in *People* v. *Betts*, 55 N. Y. 600. *Vide* also *Hauser* v. *State*, 33 Wis. 680; and *Wadsworth* v. *Sibley*, 38 Wis. 484.

For the reasons herein stated the writ has been dismissed. In view of this disposition of the case the question of practice as to what the return to the writ should contain, and the other questions raised and discussed at the hearing, are not properly before us for adjudication, and therefore will not be considered.