STATE OF MINNESOTA *vs.* KATE NOONAN.

October 4, 1877.

**Appeals in Criminal Cases.**—The statutes give the defendant an appeal in a criminal case only from a final judgment or an order denying a new trial.

**Same—What Reviewable.**—All other decisions, directions or judgments must be incorporated in a bill of exceptions, and reviewed on such appeal, or a writ of error.

Motion to dismiss an appeal from an order made by the district court for Hennepin county, *Vanderburgh* and *Young*, JJ., presiding.

*D. A. Secombe*, for appellant.

*George P Wilson,* Attorney General, and *William Lochren,* for respondent.

GILFILLAN, C. J. Appeal from an order refusing a motion by the defendant in an indictment to be discharged, made on the ground that, as claimed, the court below improperly discharged the jury without a verdict. The state moves here to dismiss the appeal on the ground that no appeal will lie from such an order.

We held in the case of *State* v. *Weston,* 23 Minn. 366, that chapter 117, Gen. St., as amended by chapter 76, Laws of 1870, provides the only mode of removing a criminal case to the supreme court for review, and this ruling was followed when this case was before us upon *certiorari.*

Section 1 of *c.* 117, as amended by section 2 of the act of 1870, provides: "Criminal cases may be removed by the defendant to the supreme court by appeal or writ of error, at any time after judgment, or after the decision of a motion denying a new trial."

It is insisted, for the defendant, that this does not mean a final judgment which determines the case in the court below, but that whenever any application is made by a defendant to the court below which, if granted, would put an end to the case there, the decision of it, if refused, is a judgment from which an appeal may, under the statute, be taken.

Sections 2 and 4 of *c.* 117 clearly show the character of judgment intended by section 1. "Section 2. When an appeal is taken, it shall not stay the execution of the judgment, unless an order to that effect is made," etc.; and by section 4 writs of error "shall not stay or delay the execution of the judgment or sentence, unless allowed by one of the judges of the supreme court, with an express order thereon for a stay-of proceedings on the judgment or sentence." These sections contemplate a judgment as the subject of appeal or writ of error, which is to be executed or enforced against the defendant, which, unless stayed, is to be followed by the punishment of the defendant— a judgment of conviction. How other decisions, rulings, or

judgments of the court below are to be reviewed appears from section 6, as amended by the act of 1870, which provides for exceptions to any "such opinion, direction, or judgment," to be allowed and signed by the judge, and which "may be used on a motion for a new trial, and when judgment is rendered shall be attached to and become a part of the judgment roll." Such opinions, directions, or intermediate judgments, when incorporated in a bill of exceptions, come before us for review upon the appeal or writ of error given by section 1 of the statute. The legislature did not intend that each opinion, direction, or judgment, before verdict, of the court below, claimed to be erroneous, should separately be brought here; but that they should all be brought to this court at one time, so that we may determine their effect upon the final result of the case in the court below.

Though there may be cases of hardship arising from the inability of a defendant to have the decision of this court upon questions decided by the court below, until after a conviction in that court, we think, on the whole, that in the interest of justice the mode provided by the statute is the best that could be adopted.

The appeal is dismissed.