STATE OF MINNESOTA *vs.* GEORGE ABRISCH.

December 20, 1889.

**Criminal Law—Appeal—Order overruling Demurrer.—**An order overruling a demurrer in a criminal case is not appealable. Judgment must first be pronounced thereon, before an appeal can be taken.

**Same—Allowing Defendant to Plead.—**The court, upon overruling a demurrer to an indictment, may permit the defendant to plead forthwith, or at such other time as it may fix. Where the case is certified to the supreme court for its decision, and for any other good and satisfactory reason, the court may extend the time, or allow the defendant to plead after the time originally fixed therefor.

Case certified from the district court for Washington county by *McCluer*, J. The indictment was for seduction under promise of marriage, and was sustained by this court in 41 Minn. 41.

*Marsh & Nethaway*, for defendant.

*M. E. Clapp*, Attorney General, and *Orris E. Lee*, for the State.

VANDERBURGH, J. The record shows that the defendant filed a demurrer to the indictment, which was overruled by the court, and he was thereupon ordered by the court to plead forthwith. He declined

to plead, but, treating the decision and order of the court as a final judgment in a criminal case, appealed therefrom to the supreme court. The appeal was determined, and the decision of the lower court affirmed. 41 Minn. 41, (42 N. W. Rep. 543.) The nature of the appeal was not called to the attention of this court or considered by it. The only way in which a decision upon a demurrer or motion in a criminal case before final judgment can be reviewed here is upon a report of the judge if in his opinion the case be a proper one, under Gen. St. 1878, *c.* 117, § 11. The decision of the court disallowing a demurrer is not a final judgment, within the meaning of section 1 of that chapter, and is not appealable. The judgments referred to in that section are such as determine the measure of punishment to be inflicted, and are to be enforced without further judicial action. *State* v. *Noonan*, 24 Minn. 174. The appeal above referred to was therefore unauthorized, and the court was justified in treating the defendant's failure to plead as an election on his part to stand by the demurrer, and might have proceeded to pronounce sentence immediately. But after the case was remanded, the defendant, upon being brought before the court for sentence, asked to be permitted to plead; and the court thereupon held, "after argument and consideration, that the decision was under the statute a final judgment in the case, and that the court was without authority to permit the defendant to plead." And upon the request of the defendant the court, deeming the question an important and doubtful one, certified the case to this court.

The language of the section under consideration (Gen. St. 1878, *c.* 111, § 10) is as follows : "If the demurrer is disallowed or the indictment amended, the court shall permit the defendant, at his election, to plead, which he must do forthwith, or at such time as the court may allow. If he does not plead, judgment shall be pronounced against him." We do not understand that the court had yet pronounced judgment. We are of the opinion that the court had power in its discretion to allow the defendant in this case to plead. The statute allows the court to fix the time within which the plea must be made. We are unable to see why it might not change the time or allow a subsequent plea, upon good cause shown. And since the

court may certify its decision upon demurrer to the supreme court, and stay proceedings in the mean time, the question when the defendant shall plead over must be controlled in great measure by the sound discretion of the court.   By the strict common-law rule, the demurrer to an indictment was held to be a deliberate confession from which.the court would not relieve, and if the demurrer was overruled the party was not entitled to withdraw it, but judgment followed.   *People* v. *Taylor*, 3 Denio, 91, 98.   But under the statute we have quoted he is expressly given an opportunity to plead over, and the time is to be fixed by the court.   And we think it should be held to be in the sound discretion of the court to extend the time or to allow a plea to be interposed at a later time than originally designated.   This will not be likely to create any more delay or embarrassment in practice than the ordinary exercise of its discretion by a court in allowing a plea of guilty to be withdrawn, and that of not guilty to be substituted.   The court should have entertained the application, and exercised its discretion thereon.   The case will therefore be remanded for further proceedings in conformity with this opinion.