## STATE v. FRED PUTZIER.[1]

May 22, 1931.

No. 28,448.

*Frank P. Ryan* and *L. D. Barnard,* for appellant.

*Henry N. Benson,* Attorney General, and *James E. Markham,* Deputy Attorney General, for the state.

STONE, J.

The attempted appeal in this criminal case is anomalous in that it requires a rather complete statement to make its nature appear.

By information defendant was charged with an unlawful sale of intoxicating liquor August 15, 1930, in the "said county" of Meeker. On arraignment December 4, 1930, defendant pleaded not guilty. Thereafter, December 30, 1930, that plea was withdrawn for the purpose of demurring to the information. That was done and the demurrer overruled. His counsel being asked whether defendant desired to plead further, the reply was in the negative and that he desired a stay of proceedings for the purpose of an appeal. "The court stated that there would be no stay of proceedings on the order disallowing the demurrer." No plea of any kind was entered after that order. Thereupon, December 31, 1930, after reciting the "pertinent facts" and the nonappearance of defendant, who was at liberty on bail, the court "pronounced the following order and judgment:

"Now, therefore, it is ordered and adjudged and determined, that the defendant is guilty of the offense charged in said information.

"It is further ordered that defendant be brought into court on the 3rd day of January, 1931, at 10:30 o'clock in the forenoon for the purpose of receiving sentence."

From that supposed judgment defendant attempts to appeal, in his notice of appeal calling it "the order and judgment" entered December 31, 1930.

Appeals in criminal cases can be taken only from an order denying a motion for new trial or from the final judgment of conviction. G. S. 1923 (2 Mason, 1927) § 10747; State v. Weston, 23 Minn. 366;

State v. Noonan, 24 Minn. 174. There is no such judgment until there has been not only a determination of guilt but also a judgment of sentence imposing the penalty which will be enforced without further judicial action. State v. Ehrig, 21 Minn. 462; State v. Noonan, 24 Minn. 174; State v. Abrisch, 42 Minn. 202, 43 N. W. 1115. It follows that in this case, no matter what it was called below or what it is styled by counsel, there was no final judgment from which appeal could be taken. The order specified in the notice of appeal was nothing more than an order for judgment, and so not appealable. The appeal must be dismissed.

In passing and by way of sheer dictum—what we say can be nothing more because the merits of the case are not before us—we must observe that defendant's claim does not seem overly meritorious. The information is criticized because of its rather indefinite indication of the place where the alleged offense occurred. Greater definition might have been desirable, but it seems to have been enough to satisfy the rule. Indictments charging that the offense occurred in a given county without going farther are upheld. O'Connell v. State, 6 Minn. 190 (279) ; People v. Baker, 100 Cal. 188, 34 P. 649, 38 A. S. R. 276.

Appeal dismissed.

