### STATE v. ROBERT H. ROBINSON.

123 N. W. (2d) 694.

October 4, 1963—No. 39,069.

*Joseph Robbie*, for appellant.

*Walter F. Mondale*, Attorney General, *Charles E. Houston*, Solicitor General, and *William B. Randall*, County Attorney, for respondent.

PER CURIAM.

Defendant appeals from an order of the district court dated March 18, 1963, denying his motion to dismiss an indictment whereby defendant is charged with the crime of indecent assault. The state moves that the appeal be dismissed upon the ground that the order involved is not appealable.

The order from which the appeal is taken is not appealable. State v. Noonan, 24 Minn. 174; State v. Abrisch, 42 Minn. 202, 43 N. W. 1115; State v. McBride, 215 Minn. 123, 9 N. W. (2d) 416.

Defendant contends that the rule of these cases does not apply because of

the disposition made of the basic problem here involved in State v. Robinson, 262 Minn. 79, 114 N. W. (2d) 737, certiorari denied, 371 U. S. 815, 83 S. Ct. 26, 9 L. ed. (2d) 56. We there considered questions certified as important and doubtful pursuant to Minn. St. 632.10. Defendant there raised the issue of whether, after being acquitted upon trial for burglary, he is placed in double jeopardy by a second trial under an indictment for indecent assault when the alleged assault occurred, if at all, upon the accomplishment of the alleged entry which constituted an essential element of the burglary of which he was acquitted.

In that opinion it was held that neither constitutional prohibitions against double jeopardy nor the doctrine of collateral estoppel are offended under such circumstances unless the verdict of acquittal *necessarily* implies an adjudication in defendant's favor of a fact inconsistent with guilt of the assault charged. The trial court was advised to determine whether the verdict of acquittal of the alleged burglary necessarily involved a jury finding that defendant was not present at the time and place of the claimed entry and assault. We there said (262 Minn. 88, 114 N. W. [2d] 743):

"* * * If a more extensive record in this case, including the testimony of defendant and his witnesses, the closing argument of defendant's counsel, and the full charge of the court, satisfies the trial court that no other issue was raised or submitted by defendant, the trial court will dismiss the indictment for assault under the doctrine of collateral estoppel. For the reason stated, the matter is remanded to afford defendant an opportunity to make such a showing, and in the event of his inability to do so, he will be tried under the indictment for assault."

The principle of law to be applied in response to the question certified as important and doubtful was thus made available by our earlier opinion. Defendant now contends that additional information was presented to the trial court, and that the principle was improperly applied when the order appealed from was entered. We are not asked to elucidate an important and doubtful point of law. Defendant seeks a review of the trial court's order giving application to the rule announced in our earlier opinion. Under these circumstances § 632.10 has no application. See, State v. Schifsky, 243 Minn. 533, 69 N. W. (2d) 89. The appeal is premature.

The motion of the state for an order dismissing defendant's appeal is therefore granted.

Appeal dismissed.