STATE of Minnesota, Appellant,

v.

**Richard Alan HOELZEL, Respondent.**

No. C8–00–851.

Court of Appeals of Minnesota.

Dec. 26, 2000.

Mike Hatch, Attorney General, St. Paul, and Amy Klobuchar, Hennepin County Attorney, Mary M. Lynch, Assistant County Attorney, Minneapolis (for appellant).

John M. Stuart, State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Michael F. Cromett, Assistant State Public Defender, Minneapolis (for respondent).

Considered and decided by WILLIS, Presiding Judge, CRIPPEN, Judge, and PETERSON, Judge.

## OPINION

WILLIS, Judge

The district court found appellant Richard A. Hoelzel guilty of felony burglary and gross-misdemeanor interference with a 911 call. The court stayed imposition of sentence on the gross misdemeanor count and refused to sentence on the felony count. The state appeals. Because we conclude that the district court's refusal to sentence effectively stayed adjudication of the burglary count and that the stay was not supported by "special circumstances," we reverse and remand for sentencing.

## FACTS

In September 1999, respondent Richard A. Hoelzel entered his estranged wife's residence through an open garage door to talk to her, in violation of a harassment restraining order. When she threatened to call the police, Hoelzel unplugged the phone from the wall and then walked out of the house and sat down in the back yard. His wife reconnected the phone and called the police. The police found Hoelzel sitting in the back yard and arrested him.

Hoelzel was charged with first-degree burglary, in violation of Minn.Stat. § 609.582, subd. 1 (1998), a felony; interference with a 911 call, in violation of

Minn.Stat. § 609.78, subd. 2 (Supp.1999), a gross misdemeanor; and violation of an order for protection (OFP), in violation of Minn.Stat. § 518B.01, subd. 14(a) (1998). After a bench trial, the district court found Hoelzel guilty of first-degree burglary and interference with a 911 call. The court dismissed the charge for violation of an OFP because a harassment restraining order, rather than an OFP, was in effect.

At Hoelzel's sentencing hearing, the district court announced that it found Hoelzel guilty of burglary only because his conduct was a "technical violation" of the burglary statute. The court noted the adverse effects of a felony record and announced that, over the prosecutor's objection, it would defer sentencing on the burglary count:

> The Burglary is not going to be sentenced until and unless I have to address it by either a revocation or the Court of Appeals tells me I must.

The district court's sentencing order stayed imposition of sentence on the interference with a 911 call count. The court placed Hoelzel on probation for two years, required him to perform 32 hours of community service and to undergo a follow-up psychiatric examination, and fined him $300. This appeal followed.

### ISSUES

1. Was the district court's deferral of sentencing the functional equivalent of a stay of adjudication?

2. Do "special circumstances" support the deferral of sentencing?

### ANALYSIS

**1. Refusal to sentence**

The state argues that the district court's refusal to sentence Hoelzel on the burglary count is a stay of adjudication and that the circumstances of this case do not support such a stay. Hoelzel contends that the district court did not stay adjudication because the court "formally adjudicated" him guilty of burglary and interference with a 911 call and then exercised its discretion in choosing the count on which to impose sentence. The state responds that the sentencing disposition on the burglary count must be considered a stay of adjudication because there was no sentence and thus no final adjudication on that count.

■ Minnesota law provides that "a sentence constitutes a final judgment, or adjudication, of conviction." *State v. Thoma*, 569 N.W.2d 205, 207 (Minn.App.1997) (citing Minn.R.Crim.P. 28.02, subd. 2(1)); *see also State v. Putzier*, 183 Minn. 423, 424–25, 236 N.W. 765, 766 (1931) (explaining that there has been no final judgment until there has been both a determination of guilt and a judgment of sentence imposing the penalty which will be enforced without further judicial action). A finding of guilt is not an adjudication of guilt. *See* Minn.Stat. § 609.095 (1998) ("[A] court may not refuse to adjudicate the guilt of a defendant who * * * has been found guilty by a court or jury following a trial.").

■ By declining to sentence Hoelzel for burglary, but leaving open the possibility of a future sentence, the district court deferred adjudication on that count. Deferral of sentence produces the same result as a stay of adjudication, that is, Hoelzel's record reflects no felony conviction. We conclude that the refusal to sentence on the burglary count is the functional equivalent of a stay of adjudication on that count.[1]

---

1. The dissent contends that the sentencing disposition here is expressly contemplated by statute. *See* Minn.Stat. §§ 609.035, subd. 1, .585 (1998). ("[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses" but "prosecution for or conviction of the crime of burglary is not a bar to conviction of or punishment for any other crime committed on entering or while in the building entered.") The statutory provisions do not address the present circumstance, where the district court has not yet decided whether to punish Hoelzel on the burglary count by imposing a sentence on that count.

## 2. Special circumstances

 A district court should not interfere with the prosecutor's charging function "absent evidence of selective or discriminatory prosecutorial intent, or an abuse of prosecutorial discretion." *State v. Krotzer*, 548 N.W.2d 252, 254 (Minn. 1996). But a district court may stay adjudication of a criminal charge if "special circumstances" so warrant. *Id.* at 254–55. The "inherent judicial authority" recognized in *Krotzer* is to be used "sparingly and only for the purpose of avoiding an injustice resulting from the prosecutor's clear abuse of discretion in the exercise of the charging function." *State v. Foss*, 556 N.W.2d 540, 541 (Minn.1996) (emphasis omitted); *see also Thoma*, 569 N.W.2d at 208 (holding that stay of adjudication of criminal charge "is justified only if the [district] court, after reviewing the circumstances of the case, determines that the prosecutor's charging decision was a clear abuse of discretion.").

 Here, the district court stated that it "happened to disagree with" the prosecution in charging Hoelzel with burglary and found Hoelzel guilty only because the court believed that the law so required. The district court also noted the adverse effects of a criminal record:

> I think everybody involved in the court system knows what happens when people run a criminal history check [and] they see a conviction of First Degree Burglary on somebody's record.

Disagreement with a prosecutor's exercise of the charging function and the existence of collateral consequences of a conviction are not special circumstances supporting a stay of adjudication. *See Foss*, 556 N.W.2d at 541 (describing intention to limit use of stays of adjudication to cases where prosecutor's clear abuse of charging function creates injustice); *see also State v. Twiss*, 570 N.W.2d 487, 487 (Minn.1997) (holding that possible loss of job due to criminal conviction is typical consequence of serious offense, and not special circumstance); *State v. Prabhudail*, 602 N.W.2d 413, 414–15 (describing continuance for dismissal and stay of adjudication as "functionally equivalent," applying *Krotzer-Foss-Thoma* standard and concluding that deportation, as collateral consequence of criminal conviction, is not special circumstance justifying continuance for dismissal).

At the sentencing hearing, the district court expressed its opinion that "the difference between sentencing [Hoelzel] as a felon or a gross misdemeanor offender means essentially * * * probation for two years, as opposed to five." Based on Hoelzel's psychological profile, the district court noted that if Hoelzel was "going to act out, he's going to act out whether he's on probation for two years or five" and that if Hoelzel did "act out," he would do so "relatively quickly." This is not a special circumstance that justifies a stay of adjudication.

### DECISION

The district court's deferral of sentencing on the burglary count is the functional equivalent of a stay of adjudication. Because no special circumstances support the deferral of sentencing, we reverse and remand for sentencing on the burglary count.

**Reversed and remanded.**

CRIPPEN, Judge (dissenting)

Our decision in this and other similar cases serves the unacceptable end of inserting a prosecutorial veto into the judicial function of making a final disposition in a criminal case. *See State v. Krotzer*, 548 N.W.2d 252, 254 (Minn.1996) (restating historic principal that final disposition of a criminal case—in that case through a stay of adjudication—is ultimately a matter for the presiding judge, to be determined whether or not approved by the prosecutor); *see also State v. Scaife*, 608 N.W.2d 163, 165 (Minn.App.2000) (Crippen, J., dissenting) ("The conditional stay of criminal proceedings is a historic element of sound

judicial discretion, * * *.") Making the decision even less tenable, as respondent asserts, we now permit this interference with the trial court's sentencing role in the face of a statute that expressly contemplates the form of trial court discretion that has been exercised.

### 1. Stay of adjudication

Initially, I disagree with the majority's analysis of the trial court's exercise of discretion in refusing to sentence, which appellant analogizes to a stay of adjudication. It becomes increasingly evident to me that this court is erroneously escaping its burden to evaluate the "special circumstances" that permit a trial court to avoid an unnecessary criminal record for a defendant.

The trial court should only adjudicate and sentence in the absence of the prosecution's clear abuse of discretion in the exercise of its "charging function." *State v. Foss,* 556 N.W.2d 540, 541 (Minn.1996). The prosecutorial discretion at issue does not involve its assessment of whether evidence shows the occurrence of an offense. Rather, decisions in these cases require that we determine whether the prosecutor acted unjustly, because of special circumstances, by insisting that the defendant suffer the consequences of a criminal record. *Krotzer,* 548 N.W.2d at 254 (affirming the trial court's determination, explaining its "final disposition" in the case that "justice would not be served by giving Krotzer a criminal record").

I would defer to the trial court's judgment in this case that there are special circumstances, like those in *Krotzer,* that make it just to permit the disposition of the case without adding the wholly unnecessary consequences associated with a felony record. These circumstances principally include the unusual contrast between the respondent's level of culpability and the degree of wrongdoing normally associated with a felony offense. In addition, the trial court properly found it evident that respondent was not likely to commit further crime and that his freedoms could be adequately restricted without a felony disposition. These circumstances, like those in *Krotzer,* permitted the trial court to reach its announced "strongly" held conviction that the disposition served the interests of justice. *See id.* at 254 (affirming trial court that "strongly disagreed" with the prosecution's insistence on burdening the defendant with a criminal record).

### 2. Withholding of sentence

This case has an added dimension. Although the trial court withheld sentencing on the burglary charge, it made a final determination on another charge for conduct that arose in the same behavioral incident.[1] As a result, the court's decision is expressly sanctioned by Minn.Stat. § 609.035, subd. 1 (1998 & Supp.1999). This statute permits prosecution of several accusations of conduct arising from the same incident, but the defendant "may be punished for only one of the offenses." *Id.* It is the court, of course, and not the prosecutor, who determines the punishment in the case, electing on which charge a sentence is determined. Without limitation, the legislature has declared the judicial role to designate the offense for which the defendant will be punished. *State v. Alt,* 529 N.W.2d 727, 731 (Minn.App.1995), *rev. denied* (Jul. 20, 1995) (observing that the court is to determine whether sentencing occur for the more serious or the less serious offense).

An exception to this statute applies to the circumstances of this case but leads directly to another circumstance for exercise of trial court discretion. *See* Minn.

---

1. The trial court made a statement to the defendant that may suggest that the court entertains the notion of imposing punishment for the felony offense in the event of revocation proceedings. Whatever may unfold in the future, it is sufficient for our present analysis of the case to observe that the court has definitely imposed punishment at this time on the gross misdemeanor occurrence and has not determined a sentence on the burglary charge.

Stat. § 609.035, subd. 1 (providing various exceptions, including convictions governed by Minn.Stat. § 609.585 (1998) (burglary and "any other crime committed while in the building entered")). In the situation governed by this exception and others, it is no longer the case that the defendant may be punished for only one of the offenses. Without further direction, the legislature leaves to others the determination of whether or not the convicted defendant will be punished for more than one act arising in the course of the burglary. This is a punishment decision; it is a trial court decision toward which the appellate courts will defer in the absence of a clear abuse of discretion. *See State v. Givens*, 544 N.W.2d 774, 776 (Minn.1996) (stating deference given to guideline departures). We do not have before us an assertion that the trial court abused its discretion in electing the crime for which respondent was to be punished.

Appellant's arguments also suggest that Minn.Stat. § 609.095(b) (1998) is important in determining whether the trial court could withhold a burglary sentence. This section, as quoted in the majority opinion, requires that the court "adjudicate" a defendant's "guilt" after he pleads guilty or is found guilty. *Id.* It is the evident conclusion of the majority, which I share, that there is no cause to decide this or similar cases under section 609.095. It is unclear at best whether this statute bears on the circumstances of this case,[2] and it remains to be determined whether the statute is in accord with the constitutional mandate of separation of the departments of state government.

Because it is the law of the case, I elect against discussion of the state's right to initiate this appeal.

**2.** For purposes of determining the defendant's right to appeal, a rule of criminal procedure provides that there is no final judgment until there is a "judgment of conviction" and "sentence is imposed or the imposition of sentence is stayed." Minn.R.Crim.P. 28.02, subd. 2(1). Section 609.095(b) does not call for a final

Because I would affirm the trial court's disposition for the reasons stated in this opinion, I respectfully dissent.

judgment as needed for the right of appeal but declares instead the requirement that there be a judgment determining the conviction-the existence or non-existence of which has not been stated as a continuing issue in this case. Minn.Stat. § 609.095(b) (1998).