STATE of Minnesota, Appellant,

v.

Douglas Earl FOSS, Respondent.

No. C5-95-2248.

Court of Appeals of Minnesota.

Aug. 27, 1996.

Review Granted Oct. 29, 1996.

gree assault. Minn.Stat. § 609.224, subd. 1 (1994). This court stayed the appeal pending the supreme court's decision in *State v. Krotzer,* 548 N.W.2d 252 (Minn.1996), then vacated the stay after that decision was released. We affirm.

## FACTS

A motorist reported to police that a pickup truck had tried to force him off the road. The driver of the truck got out of his vehicle, walked over, reached into the motorist's car, grabbed the man by the hair and swore at him.

The motorist gave police a license plate number matching that of respondent Douglas Foss's pickup truck. Foss decided to plead guilty, while claiming he was provoked by the motorist's obscene gesture. The victim gave a statement at the guilty plea hearing, admitting making an obscene gesture at Foss. Foss requested a stay of adjudication. The trial court, noting that there was wrongdoing on both sides and that both parties were angry over a traffic incident, ordered a stay of adjudication for six months on the condition that Foss have no similar conduct, and ordered him to pay $100 in court costs.

## ISSUE

Did the trial court err in staying adjudication of appellant's conviction?

## ANALYSIS

The state argues that the trial court erred in staying adjudication and violated the separation of powers doctrine. The supreme court, however, has held that the trial courts have inherent judicial authority to stay adjudication of a criminal conviction. *State v. Krotzer,* 548 N.W.2d 252, 254–55 (Minn.1996).

The state argues that the "special circumstances" present in *Krotzer* are not present here. The *Krotzer* court stated:

The district court's determination that Krotzer's situation warranted unusual judicial measures is well-supported by the special circumstances of Krotzer's case. It appears that the court strongly disagreed with the prosecutor's decision to file charges against Krotzer, and felt that jus-

Hubert Humphrey, III, Attorney General, St. Paul, Thomas J. Harbinson, Scott County Attorney, and Susan K. McNellis, Assistant County Attorney, Shakopee, for Appellant.

Bradford Colbert, Assistant State Public Defender, St. Paul, for Respondent.

Considered and decided by HUSPENI, P.J., and PETERSON and HARTEN, JJ.

## OPINION

HUSPENI, Judge.

This appeal is from a stay of adjudication with imposition of court costs, for fifth-de-

tice would not be served by giving Krotzer a criminal record as a predatory sex offender. Although the court did not act pursuant to any express Minnesota rule or statute, its decision to stay adjudication of Krotzer's charge instead of accepting his guilty plea fell within the "inherent judicial power" we have repeatedly recognized, and was necessary to the furtherance of justice in Krotzer's case.

*Id.* (citations and footnote omitted).

The supreme court in *Krotzer* did not attempt to define what "special circumstances" would justify a stay of adjudication. *Krotzer* involved what the trial court viewed as a less serious offense, a statutory rape in the course of a romantic relationship, with no history of aggressiveness in which the parties had amicably resolved the situation, ending the sexual relationship. *Id.* at 253.

The trial court here viewed the roadside assault by one motorist on another, limited to hair pulling and provoked by an obscene gesture, to be a less serious offense warranting a stay of adjudication. We find no language in *Krotzer* so restricting the court's inherent judicial authority that the trial court could be found to have erred in exercising it in this case. Whatever is included in the term "special circumstances," a narrow definition of that term would be inherently inconsistent with the broad nature of the "inherent judicial power" that the *Krotzer* court recognizes. *See id.* at 255.

## DECISION

The trial court's decision to stay adjudication of appellant's conviction was justified by the "special circumstances" of the case.

**Affirmed.**

HARTEN, J., files dissenting opinion.

HARTEN, Judge (dissenting).

Because I would reverse the trial court's stay of adjudication of the charge against Foss, I respectfully dissent.

Having served previously as county attorney and trial court judge, I am sensitive to the fragility of the separation of powers doctrine and the continuing judicial vigilance necessary to sustain it. Moreover, I had understood that the exercise of inherent judicial power is the last bulwark of judicial authority, reserved to protect the judiciary from encroachment by other branches of government—in short, an ultimate remedy not to be squandered piecemeal upon common causes. Thus, I am convinced that the trial court's action violates the constitutional principle of separation of powers. Here, the executive branch did not encroach upon the judiciary; rather, the judicial branch encroached upon the executive.

Separation of powers concerns were ably articulated by the dissenting justices in *Krotzer*:

Invoking a court's "inherent judicial authority" to obtain a result that this court likes in this case is tantamount to saying that a court can do anything it wants to do. This court is not a law unto itself and if it expects the other branches of government to defer, when appropriate, to judicial power, it in turn should defer, when appropriate, to executive power or legislative power.

*State v. Krotzer*, 548 N.W.2d 252, 256 (Minn. 1996) (Coyne, J., dissenting).

I am at a loss to understand how the court can put a person on probation and order jail time when the court has not accepted a guilty plea and adjudged the person guilty. * * *

Finally, it is important that "front line" judges have discretion to do their jobs. But when judicial discretion conflicts with the constitutional separation of powers, separation of powers wins. Our system of government works because each of the three branches respects the authority of the other[s]—even when we think we could do their job[s] better than they do. The majority has permitted the courts to encroach into an area reserved to the executive branch by the Constitution.

*Id.* at 260 (Tomljanovich, J., dissenting).

Nevertheless, we are bound by the majority's holding in *Krotzer* that the power to stay adjudication of criminal charges is within the inherent judicial authority of a trial court and that the exercise of that authority is constitu-

tional. *Id.* at 254–55. Thus, I acknowledge that the current law in this state is that a stay of adjudication is not per se impermissible, notwithstanding the absence of legislation that would permit it.

Nevertheless, I do not believe that *Krotzer* compels the result reached by this court in the instant case. The trial court's authority to stay adjudication is not unfettered. The supreme court made clear in *Krotzer* that the trial court's action in that case was drastic and that such "unusual judicial measures" may be taken only in "special circumstances." *Id.* at 254. The court noted the "unique circumstances" of that case and emphasized that the stay was necessary to the furtherance of justice "in Krotzer's case" or "under the facts of Krotzer's case." *Id.* at 252, 255. I believe that the supreme court intended that the trial courts but rarely invoke inherent power to stay adjudication.*

This court states that the supreme court did not attempt in *Krotzer* to define the necessary "special circumstances." While the supreme court did not give an explicit definition, it made its meaning known:

> The district court's determination that Krotzer's situation warranted unusual judicial measures is well-supported by the *special circumstances of Krotzer's case.* It appears that the court strongly disagreed with the prosecutor's decision to file charges against Krotzer, and felt that justice would not be served by giving Krotzer a criminal record as a predatory sex offender.

*Id.* at 254 (emphasis added). The fact that a conviction would require Krotzer to register as a predatory sex offender constituted the "special circumstances" to which the supreme court referred. It is this consequence, a part of the conviction itself, that sets *Krotzer* apart and makes its facts "unique."

No such concomitant consequence marks the instant case. Foss was charged with fifth-degree assault, a misdemeanor representing the lowest possible level of assault. The trial court may have felt that the assault

by Foss was less serious than the typical offense; if so, it could have mitigated the effect of a conviction by its many sentencing options, such as stayed imposition of sentence with minimal conditions. The court did not articulate any particular unfairness that would arise from Foss having a misdemeanor conviction on his record, nor has Foss identified any. The extraordinary measure of a stay of adjudication was unnecessary for the furtherance of justice, and the trial court erred in imposing such a stay.

Finally, a practical note: In this time of unrelenting caseloads and crowded dockets, the trial courts struggle to move cases efficiently within the limits of due process. With no clear restrictions and a willing judiciary, inherent power stays of adjudication could become routinely administered, and, despite the prosecutor's objection, the executive function thereby routinely subjugated in the name of expedience.

Separation of powers is the basic constitutional scheme. The judiciary is the enduring sentinel of the Constitution. In this spirit, I urge that the supreme court revisit judicial exercise of inherent power in the context of this case.

---

* The discretion of the prosecutor to charge and the trial court's response to the exercise of that discretion should be roughly analogous to appellate review of a sentencing court's exercise of

discretion to follow the sentencing guidelines—a decision that is disturbed only in the "rare case." *See, e.g., State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981).