STATE of Minnesota, Petitioner,
Appellant,

v.

Douglas Earl FOSS, Respondent.

No. C5–95–2248.

Supreme Court of Minnesota.

Nov. 20, 1996.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the court of appeals filed August 27, 1996 be, and the same is, reversed and the matter is remanded to the district court for further proceedings. *See State v. Foss,* 554 N.W.2d 82 (Minn.App.1996).

The issue on this appeal is whether the trial court, in staying adjudication for fifth-degree assault over the prosecutor's objection, misinterpreted our recent decision in *State v. Krotzer,* 548 N.W.2d 252 (Minn. 1996). Generally, a prosecutor has broad discretion in the exercise of the charging function and ordinarily, under the separation-of-powers doctrine, a court should not interfere with the prosecutor's exercise of that discretion. In *Krotzer* we held, however, that if "special circumstances" are present, then a trial court may stay an adjudication of guilty over the prosecutor's objection without violating the separation-of-powers doctrine.

In *Krotzer,* the defendant admitted to having consensual sexual intercourse with his 14–year–old girlfriend. Neither the girlfriend nor the girlfriend's mother wanted the prosecutor to file criminal charges against the defendant. Nonetheless, the prosecutor insisted on prosecuting the defendant for third-degree criminal sexual conduct. As we stated in our opinion, the trial court strongly disagreed with the prosecutor's decision and believed that it was totally inappropriate that the defendant be given a criminal record as a predatory sex offender, with the concomitant requirement that he register as a predatory sex offender. We concluded that the circumstances in that case constituted "special circumstances" warranting the unusual judicial

action of staying adjudication of guilt over the prosecutor's objection and in the absence of statutory authority.

 It was not our intention that mere disagreement by the trial court with the prosecutor's exercise of the charging discretion would constitute "special circumstances." Rather, it was our intention that the inherent judicial authority recognized in that case be relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.

 In the instant case the defendant was charged with misdemeanor assault. The case appears to be a typical case of misdemeanor assault. To the extent that the assault was less serious than the typical case of misdemeanor assault, the trial court was free to be lenient in sentencing the defendant, as by staying imposition of sentence with minimal conditions. Nothing in the record supports the conclusion that "special circumstances" like those in *Krotzer* were present or that the prosecution in any way abused its broad discretion in charging the defendant with misdemeanor assault.

Reversed and remanded to trial court for further proceedings.

BLATZ, J. took no part in the consideration or decision of this case.

ANDERSON, Justice (concurring specially).

I concur in the result.