**STATE of Minnesota, Appellant,**

**v.**

**Lynonne Joan LEMING, Respondent.**

**No. C7–00–565.**

Court of Appeals of Minnesota.

Aug. 1, 2000.

ney, W. James Mason, Assistant County Attorney, Grand Rapids, for appellant.

James Perunovich, Law Office of James Perunovich, Hibbing, for respondent.

Considered and decided by
SHUMAKER, Presiding Judge,
SCHUMACHER, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

Appellant State of Minnesota argues that the district court erred in staying adjudication (notwithstanding the prosecutor's objection) of felony theft charges against respondent Lynonne Joan Leming. Because there were no special circumstances that showed an abuse of discretion in charging respondent, we reverse and remand.

## FACTS

Between September 17, 1996, and May 1, 1998, Leming served as director of the Itasca County Citizen's Committee on Aging (ICCCA), an organization dedicated to providing assistance to the elderly. While serving as director, Leming diverted committee funds for her own personal use.

Leming was charged with four counts of felony theft in violation of Minn.Stat. § 609.52, subd. 2(4), subd. 3(3)(a) (1998), and one count of gross misdemeanor theft in violation of Minn.Stat. § 609.52, subd. 2(4), subd. 3(4) (1998). Pursuant to a plea bargain, Leming agreed to plead guilty to all counts, and the state agreed to stays of adjudication on two felony counts and the gross misdemeanor count, and to stays of imposition of sentence on the remaining two felony counts. Leming also agreed to pay restitution and a fine.

At the plea hearing, Leming pleaded guilty to all five theft counts. Over the objection of the prosecutor, the district court stayed adjudication of all four felony counts and stayed imposition of sentence on the gross misdemeanor. The district

Mike Hatch, Attorney General, St. Paul, and John J. Muhar, Itasca County Attor-

court gave the following reasons for the stays of adjudication: (1) Leming might lose her job if convicted of a felony; (2) if she lost her job, ICCCA would not receive restitution; (3) Leming, age 50, had a clean record; (4) Leming cooperated with police; and (5) the state agreed to stay adjudication on two of the four felony theft counts. This appeal followed.

## ISSUE

Did the district court err in staying adjudication of all the felony charges over the objection of the prosecutor?

## ANALYSIS

■ The charging function is an executive branch function within the broad discretion of the prosecutor and should not be subject to interference by the courts. *State v. Foss*, 556 N.W.2d 540, 540 (Minn. 1996). Nevertheless, apart from an express rule or statute, a district court has "inherent power" to stay adjudication of an offense if "special circumstances" exist warranting this "unusual judicial measure[.]" *State v. Krotzer*, 548 N.W.2d 252, 254–55 (Minn.1996). But a stay of adjudication should be used

> *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.

*Foss*, 556 N.W.2d at 541 (emphasis in original).

■ Here, the state argues that stays of adjudication can be granted only when a court finds special circumstances that amount to a clear abuse of the prosecutor's discretion in the exercise of the charging function. Leming, on the other hand, argues that a court can grant a stay of adjudication because of *either* a prosecutorial abuse of discretion *or* special circumstances that support a stay of adjudication. The state correctly presents the law as set forth in the seminal *Krotzer* case. A court may stay adjudication only when special circumstances show a clear abuse of dis-

cretion by the prosecutor in the exercise of the charging function.

■ The district court cited the possibility that Leming might lose her job as a reason for staying adjudication. The possibility that a defendant may lose her job as a result of a conviction is not a special circumstance allowing a trial court to stay adjudication over the prosecutor's objections. *State v. Twiss*, 570 N.W.2d 487, 487 (Minn.1997). *See also State v. Pearson*, 609 N.W.2d 630, 634 (Minn.App.2000) (staying adjudication to avoid impeding defendant's employment prospects not a "special circumstance"); *State v. Scaife*, 608 N.W.2d 163, 165 (Minn.App.2000) (loss of driver's license needed for continued employment not a "special circumstance"), *review denied* (Minn. May 16, 2000). "Rather, it is the sort of consequence that commonly attends a conviction of a serious offense * * * ." *Twiss*, 570 N.W.2d at 487.

■ The district court also stayed adjudication so that ICCCA would be fully compensated for its losses, which might not happen if Leming lost her job. As previously stated, the fact that a defendant may lose her job, and thus, a victim may be denied full restitution, is not a special circumstance supporting a stay of adjudication. Leming argues that ICCCA agreed to stays of adjudication on all four felony counts in the interests of receiving full restitution. The fact that a victim agrees with a stay of adjudication, however, is not a special circumstance and therefore not controlling.

■ To support the stays of adjudication, the district court cited Leming's lack of a criminal record and her cooperation with police. But the fact that a defendant has no criminal record is not a special circumstance supporting a stay of adjudication. *See Pearson*, 609 N.W.2d at 634 (offender's criminal record is taken into account in offense severity levels and criminal history scores under the sentencing guidelines). Remorse and cooperation with authorities are also not special cir-

cumstances; of course, a sentencing court is free to take into account a defendant's cooperation.

 Finally, the district court stayed adjudication on all four felony theft counts because the state agreed to stay adjudication on two of the counts pursuant to the plea bargain. Plea bargaining, however, is within the discretion of the prosecutor; a court should not interfere in the plea bargaining process. *State v. McEwan*, 265 N.W.2d 818, 820–21 (Minn.1978). The state's agreement to stays of adjudication of two of the four felony theft counts does not support the grant of stays of adjudication on all four counts.

 Notwithstanding current caselaw governing stays of adjudication and the district court's comment on the record that these stays of adjudication would "probably not" pass muster on appeal, the district court went ahead and erroneously stayed adjudication of two felony theft counts over the prosecutor's objection.

We conclude that the district court abused its discretion in granting stays of adjudication over the prosecutor's objection.

### DECISION

Because no special circumstances demonstrate a clear abuse of prosecutorial discretion in the exercise of the charging function, the district court erred in staying adjudication of two felony theft charges over the objection of the prosecutor.

**Reversed and remanded.**