**STATE of Minnesota, City of Medina, Appellant,**

v.

**Carter Keith OHRT, Respondent.**

**No. C9–00–891.**

Court of Appeals of Minnesota.

Dec. 12, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Steven M. Tallen, Tallen & Baertschi, Minneapolis, MN, (for appellant).

Thomas W. Krause, John P. Worrell, Hoene and Krause, P.A., St. Paul, MN, (for respondent).

Considered and decided by STONEBURNER, Presiding Judge, FORSBERG, Judge, and HOLTAN, Judge.*

## OPINION

THOMAS G. FORSBERG, Judge **

This appeal is from an order deferring sentencing on respondent Carter Ohrt's guilty plea to domestic assault and providing that the plea would be vacated and the case dismissed after two years if Ohrt successfully completed probation. This court accepted jurisdiction over the appeal, concluding that the district court's order was equivalent to a stay of adjudication, appealable by the state as a pretrial order. *See State v. Thoma*, 569 N.W.2d 205, 208 (Minn.App.), *aff'd mem.*, 571 N.W.2d 773 (Minn.1997). We reverse.

### FACTS

The state charged Ohrt with fifth-degree domestic assault for an incident occurring on May 11, 2000. Ohrt's wife told police that Ohrt pushed her down, grabbed her by the arm and by the neck and face, and dragged her to the couple's garage.

Ohrt signed a petition to plead guilty, which outlined a plea agreement under which Ohrt would plead guilty to the offense as charged and the prosecutor would recommend a stayed jail sentence if Ohrt turned out to have no prior incidents of domestic assault.

At the guilty plea hearing, the district court, noting that it had received a report from the probation office, and that the victim did not want a no-contact order, stated its willingness to "handle this matter pursuant to [Minn.Stat. § ] 609.135." The court stated it was "not going to sentence Mr. Ohrt today," but instead place him on probation for two years. After Ohrt's attorney established the factual basis for the plea, the court stated:

> I'm not going to sentence you today. And I will never sentence you if you meet the conditions that I impose on you now. If you do that, then at the end of the two-year period, the plea that you've entered today will be crossed out and vacated and the case will be dismissed.

### ISSUE

Did the district court err in staying adjudication of conviction?

### ANALYSIS

■ The state argues that the district court erred in deferring adjudication of Ohrt's conviction and in providing that, upon successful completion of probation, the plea would be vacated and the charge dismissed. The state argues that the circumstances of this case do not support a stay of adjudication. *See State v. Krotzer*, 548 N.W.2d 252, 254–55 (Minn.1996) (holding that courts have inherent authority in "special circumstances" to stay adjudication); *cf. State v. Foss*, 556 N.W.2d 540, 541 (Minn.1996) (explaining that stays of adjudication should only be used sparingly and to correct a clear abuse of the prosecutor's discretion in charging).

At the guilty plea hearing, the prosecutor noted that he had agreed to a stay of imposition, as part of the plea agreement, but objected to providing for a later vacation of the plea and dismissal of the charge. The prosecutor noted that if the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

plea were later vacated and the charge dismissed, it could not be used to enhance a later offense. *See* Minn.Stat. § 609.2242, subd. 2 (1998).[1]

The district court did not issue a written order giving its reasons for declining to sentence Ohrt. The court did note, in the course of the hearing, that Ohrt had no prior offenses and appeared to be a good risk on probation, that the victim was not seeking a no-contact order, that Ohrt deserved a chance to avoid a criminal record, and that many prosecutors in the county did not object to that type of disposition.

The legislature has authorized stays of imposition, but has not made any provision for deferring or staying adjudication as part of that disposition. *See* Minn.Stat. § 609.135, subd. 1(a) (1998); *cf.* Minn. Stat. § 609.095(b) (1998) (providing that except in drug cases or by agreement of the parties, court may not refuse to adjudicate guilt). The supreme court has noted a trial court order providing for vacation and dismissal as part of a stay of imposition. *City of St. Paul v. Froysland,* 310 Minn. 268, 269, 246 N.W.2d 435, 436 (1976). But there is no precedential authority approving such a disposition. *See* Minn.Stat. § 609.13, subd. 1(2) (1998) (providing that if felony defendant given stay of imposition successfully serves probation the *conviction* is deemed to be a misdemeanor); *United States v. Johnson,* 43 F.3d 1211, 1214–15 (8th Cir.1995) (holding that Minnesota stay of imposition is "sentence" for purposes of federal sentencing guidelines even if no term of probation was imposed); *State v. Clipper,* 429 N.W.2d 698, 701 (Minn.App.1988) (holding that "felony conviction" for which imposition of sentence was stayed could be counted as prior felony conviction under sentencing guidelines).

The available authority treats a stay of imposition as a conviction, not merely a plea or finding of guilt on which adjudication has been stayed. Thus, the district court lacked authority to dispose of the case as it did unless there were "special circumstances" supporting a stay of adjudication under *Krotzer.*

█ The district court mentioned Ohrt's lack of a prior criminal record, his amenability to probation, and the benefits of avoiding a criminal record when discussing its disposition. But the lack of a criminal record is not a "special circumstance" supporting a stay of adjudication. *State v. Leming,* 617 N.W.2d 587, 589 (Minn.App. 2000). Collateral consequences of a conviction do not constitute "special circumstances" supporting a stay of adjudication. *Thoma,* 569 N.W.2d at 209; *see also State v. Scaife,* 608 N.W.2d 163, 164–65 (Minn. App.2000), *review denied* (Minn. May 16, 2000). The benefit to Ohrt of avoiding those consequences does not support the deferral of adjudication. Neither does the apparent agreement of the victim to that disposition. *Leming,* 617 N.W.2d at 589.

█ In order to stay adjudication, the district court must find a clear abuse of discretion in the prosecutor's exercise of the charging function. *Foss,* 556 N.W.2d at 541. We conclude that the district court should provide reasons, whether in writing or on the record, to support its conclusion that there are "special circumstances" supporting a stay of adjudication. The district court is required to provide reasons supporting a sentencing departure. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). Written reasons are required if the court dismisses a complaint "in furtherance of justice." Minn.Stat. § 631.21 (1998). Specific findings are necessary to provide an adequate record for appellate review of many types of orders. *See State v. Balma,* 549 N.W.2d 102, 105 (Minn.App.1996). Before staying adjudication of a criminal conviction, the district court should provide reasons supporting its conclusion that "special circumstances" exist, in the form of a clear abuse of

---

1. However, a "conviction" is defined to include a plea of guilty "accepted and recorded by the court." Minn.Stat. § 609.02, subd. 5(1) (1998).

discretion in charging, that warrant a stay of adjudication.

The record on appeal does not reveal any "special circumstances" supporting the district court's stay, or deferral, of adjudication.

## DECISION

The district court erred in staying adjudication.

**Reversed.**

