**STATE of Minnesota, Appellant,**

v.

**Leann Marie COLBY, Respondent.**

No. C1–02–1795.

Court of Appeals of Minnesota.

March 18, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Lisa N. Borgen, Clay County Attorney, Pamela Harris, Assistant County Attorney, Moorhead, MN, for appellant.

Tami Norgard, Fargo, ND, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, WILLIS, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

WILLIS, Judge.

Appellant challenges the district court's stay of adjudication, arguing that there was not a clear abuse of prosecutorial discretion that warranted the stay. Because a stay of adjudication may only be granted when there is a clear abuse of prosecutorial discretion, and because there is no evidence of such an abuse here, we reverse and remand.

## FACTS

Respondent Leann Marie Colby was charged with theft under Minn.Stat. § 609.52 (2000). Colby left a Target store with candy worth $27, for which she had not paid. At a plea hearing on the charge, Colby told the court that she had no criminal record and that she intended to plead guilty but was concerned that a theft conviction would prevent her from attending nursing school. The district court stayed adjudication. The state moved for reconsideration, and the district court denied the motion. This appeal follows.

## ISSUE

Did the district court err by staying adjudication in the absence of a clear abuse of prosecutorial discretion in the charging function?

## ANALYSIS

A district court may not refuse to adjudicate the guilt of a defendant who tenders a guilty plea * * * or who has been found guilty by a court or jury following a trial.

Minn.Stat. § 609.095(b) (2000); *see also* 1998 Minn. Laws ch. 367, art. 6, § 1 (adopting section 609.095(b)). Prosecutors have broad discretion regarding the charging function and "ordinarily, under the separation-of-powers doctrine, a court should not interfere with the * * * exercise of that discretion." *State v. Foss*, 556 N.W.2d 540, 540 (Minn.1996). The district court's decision to stay adjudication is within the court's "inherent judicial power" when the decision is supported by "special circumstances." *State v. Krotzer*, 548 N.W.2d 252, 254–55 (Minn.1996). The power to stay adjudication is to be "relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion*" in the exercise of the charging function.

*Foss,* 556 N.W.2d at 541; *see also State v. Ohrt,* 619 N.W.2d 790, 792–93 (Minn.App. 2000) (reversing stay of adjudication when the district court made no findings regarding an abuse of prosecutorial discretion).

■ The state argues that no special circumstances here justify the district court's stay of adjudication. The district court specified no special circumstances on the record, but neither Colby's desire to go to nursing school nor the fact that she had no criminal record would justify the stay. *See State v. Twiss,* 570 N.W.2d 487, 487 (Minn.1997) (holding that possibility that defendant might lose her job is not a special circumstance); *Ohrt,* 619 N.W.2d at 792 (holding that lack of a criminal record is not a special circumstance). Further, Colby alleges no abuse of prosecutorial discretion in the charging function.

■ Colby cites *State v. Lattimer,* 624 N.W.2d 284, 290 (Minn.App.2001), *review denied* (Minn. May 15, 2001), in which this court held that a district court's stay of adjudication was a sentencing decision subject to review under an abuse-of-discretion standard. But we conclude that the decision in *Lattimer* is in conflict with the supreme court's decisions in *Krotzer* and *Foss,* where the court expressly limited the district court's power to stay adjudication to cases where there is a clear abuse of prosecutorial discretion in charging. And the legislature has also expressed its preference that a district court adjudicate a defendant guilty following a guilty plea or finding of guilt. *See* Minn.Stat. § 609.095(b); *Lattimer,* 624 N.W.2d at 292 (Kalitowski, J., dissenting) (noting the legislature's stated preference).

## DECISION

The district court erred by staying adjudication in the absence of a clear abuse of prosecutorial discretion in the charging function.

**Reversed and remanded.**

G. BARRY ANDERSON, Judge (concurring specially).

I concur in the result because the detailed and thorough analysis of the majority opinion makes clear that the combination of *Krotzer, Foss,* and recent legislative enactments requires reversal here.

And while I agree with the majority analysis, that combination of factors leading to reversal in this matter also leads to the concern that there may be no effective check on the exercise of prosecutorial discretion. Whether that was the intended result is an issue for others to address.