STATE of Minnesota, Appellant,

v.

Evialina STROK, Respondent.

No. A10–273.

Court of Appeals of Minnesota.

July 20, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Anna Krause Crabb, Rolf A. Sponheim, City of Minnetonka, Minnetonka, MN, for appellant.

Mark D. Nyvold, Special Assistant State Public Defender, St. Paul, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; STAUBER, Judge; and WILLIS, Judge.*

## OPINION

JOHNSON, Judge.

Evialina Strok was charged with gross-misdemeanor theft after she was observed

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

stealing clothing from a department store. Before trial, the district court, over the state's objection, continued the case for dismissal for one year. The state appeals. We conclude that the district court erred by continuing the case for dismissal over the prosecutor's objection without finding that the prosecutor committed a clear abuse of the prosecutorial discretion in the exercise of the charging function. Therefore, we reverse and remand for further proceedings.

## FACTS

On June 23, 2009, Strok was arrested for committing theft at Macy's department store in Ridgedale Mall in the city of Minnetonka. A Macy's security employee, using the store's video-surveillance system, saw Strok enter a fitting room with numerous items and saw her leave the fitting room carrying only two items and a shopping bag. The detective later saw Strok take additional items from a rack of clothing and put them into her shopping bag. Strok exited the store without attempting to pay for the merchandise in her possession. Macy's employees stopped Strok outside the store and asked her to return so that they could inspect her shopping bag. Inside Strok's shopping bag and purse they found 20 items of merchandise valued at approximately $844.

In July 2009, the state charged Strok with one count of gross-misdemeanor theft in violation of Minn.Stat. § 609.52, subds. 2(1), 3(4) (2008). Strok pleaded not guilty. At a hearing in February 2010, the district court stated its intention to refer Strok to the De Novo Program, a pretrial diversion program operated by the Hennepin County Attorney's Office, *see* Minn.Stat. § 401.065 (2008), and to continue the case for one year until dismissal. The state made a timely objection. The district court stated the following reasons for its decision to continue the case for dismissal:

> As we discussed in chambers, ... if these acts had been done a year and a half ago that this would have been a felony amount and if it had been a felony amount then and she had gone through the County Attorney and through Property Drug Court where I routinely have been sitting then she would have gotten diversion on the felony. And if she had stolen more items at Macy's or shoplifted more items so she was down facing felony charges she would get diversion. And it seems ironic then that someone with a gross misdemeanor amount has a stiffer sentence than someone with a felony amount. And so based on that and my understanding of the De Novo Program where there are classes and hours of community service and other things I think that this in some ways is going to require her to do more with regard to a diversionary sentence than if I were to give her a misdemeanor. And so it's on that basis that she is in some ways being treated differently than people who commit more serious crimes by statutory definition. So that's the basis of my agreeing to a diversion in this case.

The state appeals.

## ISSUES

I. May the state pursue a pretrial appeal from the district court's continuance for dismissal?

II. Did the district court err by continuing the case for dismissal over the prosecutor's objection?

## ANALYSIS

The state argues that the district court erred by ordering a continuance for dismissal over the state's objection. A continuance for dismissal is

an agreement between the prosecutor and the defendant that prosecution will be suspended for a designated period of time on certain conditions, including that the defendant refrain from committing additional offenses and waive the right to a speedy trial. The district court does not make a finding of guilt, and the defendant does not make an admission of guilt. At the end of the designated period, if the defendant has met the conditions, the matter is dismissed.

*State v. C.P.H.*, 707 N.W.2d 699, 703 (Minn.App.2006) (citation omitted).

## I.

■ As a threshold matter, we first must analyze Strok's responsive argument that the state is not entitled to appellate review of the district court's order. We apply a *de novo* standard of review to Strok's argument, which concerns the proper interpretation of a rule of court. *See State v. Barrett*, 694 N.W.2d 783, 785 (Minn.2005).

■ The state's right to pursue an appeal before trial of a criminal case is a limited right. "There must be a statute or court rule that permits the appeal, or the issue must arise by necessary implication from an issue where the State's right to appeal is expressly provided." *State v. Rourke*, 773 N.W.2d 913, 923 (Minn.2009) (quotation omitted). Generally, the state's right to appeal is governed by rule 28.04, subdivision 1, of the Minnesota Rules of Criminal Procedure, which describes seven types of district court decisions that may be appealed by the state as of right. *Barrett*, 694 N.W.2d at 787; Minn. R.Crim. P. 28.04, subd. 1. The relevant parts of that rule provide as follows:

The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) in any case, from any pretrial order of the trial court, including probable cause dismissal orders based on questions of law. However, an order is not appealable (a) if it is based solely on a factual determination dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or (b) if it is an order dismissing a complaint pursuant to Minnesota Statutes, section 631.21; and

. . .

(4) in any case, from an order staying adjudication of an offense for which the defendant pleaded guilty or was found guilty at a trial. . . .

Minn. R.Crim. P. 28.04, subd. 1 (2009).[1]

We are aware of only one published opinion concerning a case in which the state appealed from a continuance for dismissal. In *State v. Prabhudail*, 602 N.W.2d 413 (Minn.App.1999), *review denied* (Minn. Jan. 18, 2000), this court held that the district court erred by continuing the case for dismissal because there was "no evidence of abuse of prosecutorial discretion." *Id.* at 414. It does not appear that the defendant-respondent challenged the state's right to appeal from the district court's order. Nonetheless, before addressing the merits of the appeal, we stated, "A continuance for dismissal and a stay of adjudication are . . . appealable by the state in nonfelony cases, despite any inclusion of criminal sanctions." *Id.* Our opinion does not identify a particular provision within rule 28.04 as the basis of the state's appeal. *See id.*

**1.** After the district court's ruling, Minn. R.Crim. P. 28.04, subd. 1, was amended for style, effective January 1, 2010.

Strok contends that *Prabhudail* no longer applies because of a subsequent amendment to rule 28.04. In 2007, subdivision 1(4) was amended to make specific reference to a stay of adjudication. *See* Minn. R.Crim. P. 28 cmt. Strok notes that this court has stated that "[a] continuance for dismissal and a stay of adjudication are functionally equivalent." *Prabhudail,* 602 N.W.2d at 414. According to Strok, if subdivision 1(4) applies to a stay of adjudication, and if a stay of adjudication and a continuance for dismissal are functionally equivalent, then subdivision 1(4) also should apply to a continuance for dismissal. Strok wishes to apply subdivision 1(4) because that part of the rule permits an appeal from a stay of adjudication only if "the defendant pleaded guilty or was found guilty at a trial," Minn. R.Crim. P. 28.04, subd. 1(4), and it is undisputed that Strok did not plead guilty and was not found guilty at trial. Thus, according to Strok's argument, the state's appeal does not satisfy the requirements of subdivision 1(4).

■ The weakness of Strok's argument is that subdivision 1(4), by its plain language, applies only to a stay of adjudication. A stay of adjudication and a continuance for dismissal are not the same thing. Although we once said that the two terms are "functionally equivalent," *Prabhudail,* 602 N.W.2d at 414, we also have said that they "mean very different things," *C.P.H.,* 707 N.W.2d at 702. A stay of adjudication is a procedure that is used "upon a defendant's guilty plea or a fact-finder's determination of guilt." *C.P.H.,* 707 N.W.2d at 702. But a continuance for dismissal "involves neither a guilty plea nor a finding of guilt." *Id.* at 703. Thus, subdivision 1(4) applies only if a district court stays adjudication after a finding of guilt. Subdivision 1(4) does not apply to a continuance for dismissal, which is what the district court ordered in this case.

The state relies primarily on subdivision 1(1), which concerns pretrial orders. A continuance for dismissal is a pretrial order in that it occurs before a trial and before any determination of guilt. Strok makes no argument why subdivision 1(1) does not apply other than her argument that subdivision 1(4) applies. Thus, we conclude that subdivision 1(1) of rule 28.04 permits the state to appeal from the district court's order continuing the case for dismissal.[2]

## II.

■ As stated above, the state argues that the district court erred by ordering a continuance for dismissal over the state's objection. A continuance for dismissal is authorized by rule 27.05 of the Minnesota Rules of Criminal Procedure, which is entitled "Pretrial Diversion":

> After due consideration of the victim's views and subject to the court's approval, the prosecuting attorney and the defendant may agree that the prosecution will be suspended for a specified period after which it will be dismissed under subdivision 7 of this rule on condition that the defendant not commit a felony, gross misdemeanor, misdemeanor or petty misdemeanor offense during the period. The agreement shall be in writing and signed by the parties....

2. When the state appeals from a pretrial order, it generally must satisfy one of the requirements of rule 28.04, subdivision 1, and also "must clearly and unequivocally show ... that the trial court's order will have a critical impact on the state's ability to prosecute the defendant successfully." *Barrett,* 694

N.W.2d at 787 (quotation omitted). In this case, Strok does not argue that the district court's order continuing the case for dismissal does not have a critical impact on the prosecution. Thus, we need not address the issue of critical impact.

Minn. R.Crim. P. 27.05, subd. 1(1) (2009).[3] Rule 27.05 contains several other provisions concerning an agreement to continue a case for dismissal, including provisions for the modification or termination of such an agreement. *See* Minn. R.Crim. P. 27.05, subds. 2–9 (2009). The legislature has declared that "[t]he decision to offer or agree to a continuance of a criminal prosecution is an exercise of prosecutorial discretion resting solely with the prosecuting attorney." Minn.Stat. § 609.132 (2008).

### A.

The state's argument consists of two independent, alternative parts. First, the state argues that the district court's order for a continuance for dismissal violates section 609.132. Second, the state argues that the district court's order violates the constitutional provision preserving separation of powers, which states: "The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution." Minn. Const. art. III, § 1.

██ As a general principle, appellate courts prefer to decide cases on non-constitutional grounds instead of constitutional grounds. *See Erlandson v. Kiffmeyer,* 659 N.W.2d 724, 732 n. 7 (Minn.2003); *see also Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 103–04, 101 S.Ct. 2193, 2199, 2201–02, 68 L.Ed.2d 693 (1981) (holding that district court abused its discretion in issuing order pursuant to Fed.R.Civ.P. 23, thereby avoiding constitutional challenge to order). The state's first contention appears to present a non-constitutional basis for resolving this case, and the text of the statute appears plain and unambiguous. This court, however, has suggested that any interpretation of section 609.132 inevitably would lead to constitutional issues. *See State v. Krotzer,* 531 N.W.2d 862, 866 (Minn.App.1995) (*dictum*), *aff'd in part & rev'd in part on other grounds,* 548 N.W.2d 252 (Minn.1996). The state's second contention relies on a well-developed line of cases concerning whether a district court's stay of adjudication violates the principle of separation of powers. *See State v. Lee,* 706 N.W.2d 491, 494 (Minn. 2005); *State v. Foss,* 556 N.W.2d 540, 540 (Minn.1996); *Krotzer,* 548 N.W.2d at 254– 55. The state contends that this body of caselaw is equally applicable to a continuance for dismissal. We agree. The primary difference between a stay of adjudication and a continuance for dismissal is that the former occurs after a determination of guilt while the latter occurs in the absence of such a determination. *C.P.H.,* 707 N.W.2d at 702–03. But a prosecutor's interest in pursuing a case to a finding of guilt, which is the interest at stake in this case, may be just as strong as the interest in pursuing the case to a final adjudication. In addition, the general preference for non-constitutional grounds has prudential limitations. *See Erlandson,* 659 N.W.2d at 732 n. 7. Thus, in light of the availability of the clear standards articulated by the supreme court in a very similar context, we will analyze the state's argument for reversal by applying the caselaw concerning stays of adjudication.

### B.

██ "Generally, a prosecutor has broad discretion in the exercise of the

---

**3.** After the district court's ruling, Minn. R.Crim. P. 27.05, subd. 1, was amended for style, effective January 1, 2010.

charging function and ordinarily, under the separation-of-powers doctrine, a court should not interfere with the prosecutor's exercise of that discretion." *Foss,* 556 N.W.2d at 540. A district court has limited authority to order a stay of adjudication or a continuance for dismissal, but that authority should be "relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function." *Id.* at 541. This standard is not satisfied by a district court's "mere disagreement ... with the prosecutor's exercise of the charging discretion." *Id.* Rather, a stay of adjudication or a continuance for dismissal "may be ordered 'only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.'" *See Lee,* 706 N.W.2d at 496 (quoting *Foss,* 556 N.W.2d at 541).[4] Whether a district court's continuance for dismissal violates the constitutional principle of separation of powers is a question of law, to which we apply a *de novo* standard of review. *See State v. Lemmer,* 736 N.W.2d 650, 657 (Minn.2007) (applying *de novo* review to challenge to statute on grounds of separation of powers).

 In this case, the district court did not find that the prosecutor clearly abused its discretion in the exercise of the charging function. Rather, the district court ordered a continuance for dismissal because it reasoned that Strok's participation in a diversion program would be commensurate with the dispositions of similar cases. But the reasons identified by the district court—the differences between the result sought by the prosecutor in this case and the results sought by other prosecutors in other cases at other times—are not proper bases for a district court's interference with the prosecutor's discretion. A prosecutor justifiably may choose to charge or not charge a person based on a report of criminal conduct, and may choose to pursue or not pursue an alleged offense, based on many legitimate factors that are not subject to review by the judiciary. The reasons stated by the district court in this case simply do not describe a "prosecutor's *clear abuse of discretion* in the exercise of the charging function." *Lee,* 706 N.W.2d at 496 (quotation omitted). Thus, the district court erred by ordering a continuance for dismissal over the prosecutor's objection.

## DECISION

The state's appeal from the district court's continuance for dismissal is authorized by Minn. R.Crim. P. 28.04, subd. 1(1). The district court erred by ordering a continuance for dismissal over the state's objection without finding that the prosecutor committed a clear abuse of discretion in the exercise of the charging function.

4. The state's brief discusses, among other things, whether there are "special circumstances" justifying the district court's order. But the existence or nonexistence of special circumstances is not the focus of a proper inquiry. In its most recent opinion on this subject, the supreme court made clear that "special circumstances" alone do not justify a district court's stay of adjudication. *Lee,* 706 N.W.2d at 496. The supreme court stated, "We do not believe it is possible to read *Foss* as permitting a stay of adjudication whenever there are *either* special circumstances *or* an abuse of the charging function." *Id.* Rather, a district court may stay adjudication only if there is a "clear abuse of the prosecutorial charging function." *Id.* Thus, special circumstances may be relevant to a district court's stay decision only to the extent that those circumstances tend to establish a clear abuse of the prosecutorial charging function. *See id.*

The case is remanded for further proceedings.

**Reversed and remanded.**