# STATE OF MINNESOTA
## IN COURT OF APPEALS
## A14-0044

State of Minnesota,
Appellant,

vs.

Jeffrey Bruce Martin,
Respondent.

**Filed July 7, 2014**
**Reversed and remanded**
**Johnson, Judge**

Ramsey County District Court
File No. 62-CR-13-1254

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Sara Grewing, St. Paul City Attorney, John H. Stechmann, Assistant City Attorney, St. Paul, Minnesota (for appellant)

Lee R. Wolfgram, Wolfgram Law Firm, Ltd., Minneapolis, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Rodenberg, Judge; and Chutich, Judge.

## S Y L L A B U S

A district court order that stays the imposition of a sentence and provides for the vacatur of a guilty plea and the dismissal of criminal charges at a later date is governed by the caselaw that applies to a stay of adjudication. Accordingly, if a prosecutor does not agree to such an order, a district court may issue the order only if the district court finds that the prosecutor has committed a clear abuse of discretion in the exercise of the charging function.

**O P I N I O N**

**JOHNSON**, Judge

Jeffrey Bruce Martin pleaded guilty to the misdemeanor offense of engaging in prostitution. The district court stayed the imposition of a sentence and placed Martin on probation. Over the state's objection, the district court also stated its intention to vacate Martin's plea and to dismiss the charge at a later date if Martin successfully completes probation. The state appeals. We conclude that the district court erred because it did not find that the prosecutor committed a clear abuse of discretion in the exercise of the charging function. Therefore, we reverse and remand.

**FACTS**

Martin pleaded guilty to the misdemeanor offense of engaging in prostitution. *See* Minn. Stat. § 609.324, subd. 3(a)(2) (2012). At the time for sentencing, the district court stayed imposition of a sentence and placed Martin on probation for one year, with conditions; ordered him to serve one day in jail and awarded one day of jail credit; and imposed fines and court costs. The district court also stated its intention to vacate Martin's guilty plea and to dismiss the charge after the passage of two years, if Martin successfully completes his one-year probation period.[1] The state did not object to a stay of imposition but objected to the district court's stated intention to vacate the guilty plea and dismiss the charge at a later date. The district court noted that the vacate-and-dismiss

---

[1]The district court selected a two-year period because the statute criminalizing prostitution allows for enhancement if a person is charged with a second offense within two years of a prior conviction. *See* Minn. Stat. § 609.324, subd. 3(b). The district court reasoned that waiting two years would not infringe on the state's ability to seek enhancement if Martin were to reoffend after one year but within two years.

provision frequently is agreed to by parties in cases prosecuted by suburban municipalities in the same county and that it would be unfair if Martin could not obtain the same terms because his offense occurred in the city of St. Paul.

The state moved to amend the district court's order. Martin opposed the motion and, in the alternative, moved to withdraw his guilty plea. At the motion hearing, the district court denied the state's motion for the reasons it had identified earlier. The district court also reasoned that its order was a matter of sentencing, a matter on which district courts generally have broad discretion. The district court subsequently issued an order and memorandum in which it provided additional reasons for its decision. The state appeals.[2]

---

[2]Martin previously moved to dismiss the state's appeal on the ground that the district court's order is a non-appealable order. A special-term panel of this court denied Martin's motion on the ground that the appeal is taken from an appealable pre-trial order in a misdemeanor case. *See* Minn. R. Crim. P. 28.04, subd. 1(4); *see also State v. Lee*, 706 N.W.2d 491, 494 (Minn. 2005) (stating that stay of adjudication in misdemeanor case is "more akin to a pretrial order than a sentence"). The special-term panel reasoned that "the district court's stay of imposition, which would result in the dismissal of the prostitution charge one year after Martin's probationary period expires, is the functional equivalent of a stay of adjudication because it results in dismissal."

To obtain review of an adverse pretrial ruling, the state must "clearly and unequivocally" show that the "ruling will have a critical impact on the State's ability to prosecute the case." *State v. Zais*, 805 N.W.2d 32, 36 (Minn. 2011) (quotation omitted). It is unclear whether Martin argues in his appellate brief that the state has not satisfied the critical-impact requirement. If so, we would conclude that the state has done so because the district court's order effectively precludes the prosecutor from obtaining an adjudication of guilt. We note that none of the cases concerning stays of adjudication question the state's ability to satisfy the critical-impact requirement in these circumstances.

3

**ISSUE**

Does a district court have authority to stay the imposition of a sentence, place a person on probation, and, without the prosecutor's agreement, vacate the person's guilty plea and dismiss the charges against the person at a later date if the person successfully completes probation?

**ANALYSIS**

**A.**

For purposes of this opinion, it is helpful to review a district court's alternatives to imposing an executed sentence after a determination that a person is guilty of a criminal offense.

First, a district court may pronounce and impose the terms of a sentence but stay execution of the sentence. *See* Minn. Sent. Guidelines cmt. 2.C.04 (2012). A stay of execution is expressly authorized by a statute that allows a district court to order intermediate sanctions or place a defendant on probation instead of executing a sentence, unless "a sentence of life imprisonment is required by law [or] a mandatory minimum sentence is required by section 609.11." Minn. Stat. § 609.135, subd. 1(a) (2012). If a district court stays execution of a sentence, the person stands convicted of the offense charged but is not required to serve the sentence, so long as he or she abides by the terms of probation. *See* Minn. Stat. §§ 609.135, subd. 1, .14 (2012). If the person successfully completes probation, he or she "shall be discharged." Minn. Stat. § 609.135, subd. 2(f). If the person violates the conditions of a stay of execution, the district court may revoke

4

the stay and order the execution of the previously imposed sentence. Minn. Stat. § 609.14, subds. 1, 3(2).

Second, a district court may stay the imposition of a sentence. A stay of imposition is expressly authorized by the same statute that authorizes a stay of execution, and a stay of imposition operates much like a stay of execution. *See* Minn. Stat. § 609.135, subd. 1. If, however, the district court stays imposition of a sentence, the person stands convicted, but the district court does not actually pronounce a sentence. Minn. Sent. Guidelines cmt. 2.C.05 (2012). If the person violates the terms of the stay, the district court may pronounce and impose a sentence and either stay execution of the sentence or execute the sentence. *See* Minn. Stat. § 609.14, subd. 3(1); Minn. Sent. Guidelines cmt. 2.C.05. A feature unique to a stay of imposition is that, upon a person's successful completion of probation, a felony or gross misdemeanor conviction may be reduced in degree, though a misdemeanor will remain a misdemeanor. *See* Minn. Stat. § 609.13 (2012).

Third, a district court may, in limited circumstances, stay the adjudication of a defendant's guilt. "A stay of adjudication, which almost always requires the prosecutor's consent, is a procedure whereby the district court, upon a defendant's guilty plea or a fact-finder's determination of guilt, does not adjudicate the defendant guilty but imposes conditions of probation." *State v. C.P.H.*, 707 N.W.2d 699, 702 (Minn. App. 2006). If a district court orders a stay of adjudication, and if the defendant successfully completes probation, "the defendant avoids a criminal conviction." *Id.* at 703. The legislature has determined that a district court's authority to order a stay of adjudication should be

5

narrowly circumscribed: "Except as provided in section 152.18 or 609.375, or upon agreement of the parties, *a court may not refuse to adjudicate* the guilt of a defendant who tenders a guilty plea . . . or who has been found guilty by a court or jury following a trial." Minn. Stat. § 609.095(b) (2012) (emphasis added). The supreme court has stated that a district court's authority to order a stay of adjudication should be "relied upon *sparingly.*" *State v. Foss*, 556 N.W.2d 540, 541 (Minn. 1996). Specifically, a district court may order a stay of adjudication "'only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.'" *Lee*, 706 N.W.2d at 496 (quoting *Foss*, 556 N.W.2d at 541). This limitation is necessary to protect the principle of the separation of powers. *See id.*

Fourth, a district court may approve a continuance for dismissal. A continuance for dismissal is

> an agreement between the prosecutor and the defendant that prosecution will be suspended for a designated period of time on certain conditions, including that the defendant refrain from committing additional offenses and waive the right to a speedy trial. The district court does not make a finding of guilt, and the defendant does not make an admission of guilt. At the end of the designated period, if the defendant has met the conditions, the matter is dismissed.

*C.P.H.*, 707 N.W.2d at 703 (citation omitted). The legislature has determined that "[t]he decision to offer or agree to a continuance of a criminal prosecution is an exercise of prosecutorial discretion resting solely with the prosecuting attorney." Minn. Stat. § 609.132 (2012). The rule of criminal procedure that governs continuances for dismissal, which is entitled "Pretrial Diversion," provides that a prosecution "may be

6

suspended for a specified time and then dismissed," so long as certain conditions are satisfied, including the condition that the agreement "is in writing and signed by the parties," and the condition that there are sufficient advantages to suspending the prosecution. *See* Minn. R. Crim. P. 27.05, subd. 1(1), (1)(a), (1)(d). A continuance for dismissal differs from a stay of adjudication in that it occurs before a determination of guilt. *State v. Strok*, 786 N.W.2d 297, 302 (Minn. App. 2010). Nonetheless, we have said that, for purposes of appellate review, a continuance for dismissal is "functionally equivalent" to a stay of adjudication. *State v. Prabhudail*, 602 N.W.2d 413, 414 (Minn. App. 1999), *review denied* (Minn. Jan. 18, 2000). Consequently, we review a continuance for dismissal by applying the caselaw that applies to a stay of adjudication. *See Strok*, 786 N.W.2d at 302-03. Accordingly, a district court may order a continuance for dismissal "'only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.'" *Id.* at 303 (quoting *Lee*, 706 N.W.2d at 496 (quoting *Foss*, 556 N.W.2d at 541)).

**B.**

The first step in resolving this appeal is to identify the law that governs, which depends in part on the proper characterization of the relief ordered by the district court. The order from which the state appeals does not implement any of the recognized procedures described above. Indeed, the district court expressly stated that it was *not* selecting any of the previously recognized alternatives.

The state contends that the district court's order is the equivalent of a stay of adjudication and, thus, should be analyzed in the same manner as a stay of adjudication.

7

The state's argument is consistent with this court's caselaw. In *C.P.H.*, which involved a continuance for dismissal, we described a stay of adjudication as "a procedure whereby the district court . . . does not adjudicate the defendant guilty," notwithstanding "a defendant's guilty plea or a fact-finder's determination of guilt." 707 N.W.2d at 702. We also stated that a stay of adjudication allows a defendant to "avoid[] a criminal conviction" if the defendant successfully completes probation. *Id.* at 703. In *Strok*, which also involved a continuance for dismissal, we noted the difference between a stay of adjudication and a continuance for dismissal, but we reasoned that a prosecutor has a legitimate interest in obtaining either a finding or an adjudication of guilt. 786 N.W.2d at 302. For that reason, we applied the caselaw governing stays of adjudication to a continuance for dismissal. *See id.* The same concerns are present in this case. The district court's order is intended to allow Martin to "avoid[] a criminal conviction." *See C.P.H.*, 707 N.W.2d at 703. The prosecutor has an interest in avoiding the involuntary dismissal of the prosecution without a finding of guilt. *See Strok*, 786 N.W.2d at 302-03.

In addition, the district court's order in this case is nearly identical to the procedure employed by the district court in *State v. Ohrt*, 619 N.W.2d 790 (Minn. App. 2000). In that case, the district court "deferr[ed] sentencing on . . . Ohrt's guilty plea . . . and provid[ed] that the plea would be vacated and the case dismissed after two years if Ohrt successfully completed probation." *Id.* at 791. We commented that the legislature had "not made any provision for deferring or staying adjudication," and we cited the statute generally requiring a district court to adjudicate guilt, absent an agreement of the parties to the contrary. *Id.* at 792 (citing Minn. Stat. § 609.095(b)). We framed the issue

8

as whether the district court erred by "staying adjudication," *id.* at 791, and we applied the caselaw governing stays of adjudication, *id.* at 792-93.

Martin contends that the district court's order in this case is different from the order in *Ohrt* because the district court accepted his guilty plea and because the guilty plea resulted in a conviction. But that is true only temporarily. The intended effect of the district court's order, after the passage of two years, is the absence of any adjudication of Martin's guilt. Regardless whether the district court received Martin's guilty plea, the district court's provision for the vacatur of the plea and the dismissal of the charge means that the state likely will have nothing to show for its prosecution after two years. The district court's order is inconsistent with the legislature's intent that, absent an agreement of the parties, a district court "may not refuse to adjudicate the guilt of a defendant who tenders a guilty plea." *See* Minn. Stat. § 609.095(b).

The state cited *Ohrt* to the district court, but the district court expressly distinguished the case. The district court stated that it was not ordering the same relief as in *Ohrt* because it was not staying adjudication but, rather, was staying the imposition of a sentence. In its memorandum, the district court supported this rationale by citing *State v. Lattimer*, 624 N.W.2d 284 (Minn. App. 2001), *review denied* (Minn. May 15, 2001), which emphasized a district court's authority in matters of sentencing. *Id.* at 286. But this court subsequently noted that *Lattimer* is in conflict with the supreme court's opinion in *Foss*, which held that a district court's authority to stay adjudication is limited to cases in which "there is a clear abuse of prosecutorial discretion in charging." *State v. Colby*, 657 N.W.2d 897, 899 (Minn. App. 2003). The conflict between *Lattimer* and the

9

supreme court's caselaw is even more apparent after *Lee*, which clarified that "special circumstances" alone cannot justify a stay of adjudication. *See Lee*, 706 N.W.2d at 496. Since *Lee*, special circumstances "may be relevant . . . only to the extent that those circumstances tend to establish a clear abuse of the prosecutorial charging function." *Strok*, 786 N.W.2d at 303 n.4. As a consequence, *Lattimer* does not support the district court's order.[3] Furthermore, the imposition of intermediate sanctions, such as probation and jail, does not convert a stay of adjudication into a sentence. *See State v. Moody*, 806 N.W.2d 874, 876-77 (Minn. App. 2011), *review denied* (Minn. Mar. 28, 2012); *State v. Thoma*, 569 N.W.2d 205, 207 (Minn. App. 1997), *aff'd* mem., 571 N.W.2d 773 (1997).

Thus, we conclude that the district court's order is governed by the caselaw that applies to a stay of adjudication.

---

[3]In its memorandum, the district court compared the vacate-and-dismiss feature of its order to "an automatic expungement." To the extent that the district court's order is an attempt to effectuate a pre-approved expungement of a sentence, the order is inconsistent with the law authorizing expungements of criminal records. The legislature has established the procedures and substantive criteria for an expungement of a criminal sentence. *See* Minn. Stat. § 609A.03 (2012); *see also* 2014 Minn. Laws ch. 246, §§ 10-11 (amending section 609A.03, effective Jan. 1, 2015). The district court's order is a procedural short-cut that undermines the statutory scheme. *See State v. M.L.A.*, 785 N.W.2d 763, 770 (Minn. App. 2010) (concurring opinion), *review denied* (Minn. Sept. 21, 2010). Furthermore, the supreme court has articulated the criteria for determining whether a district court may expunge criminal records pursuant to inherent judicial authority, which exists only if "the relief requested by the court or aggrieved party is necessary to the performance of the judicial function as contemplated in our state constitution." *State v. M.D.T.*, 831 N.W.2d 276, 280 (Minn. 2013) (quotation omitted). The supreme court in *M.D.T.* warned that the judiciary must "proceed cautiously in relying on inherent authority" and must "respect the equally unique authority of another branch of government." *Id.* at 282 (quotations omitted). The district court's order does not address these and other considerations identified by the supreme court in *M.D.T. See* 831 N.W.2d at 279-81. Only upon a petition for expungement may a district court properly determine whether expungement is permitted by statute or by the judiciary's inherent authority.

## C.

The second step in resolving this appeal is to determine whether there exists "'an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.'" *Lee*, 706 N.W.2d at 496 (quoting *Foss*, 556 N.W.2d at 541). This court applies a *de novo* standard of review to a district court order that precludes adjudication of a defendant's guilt. *See Strok*, 786 N.W.2d at 303.

In this case, the district court did not find that the prosecutor committed a clear abuse of discretion in the exercise of the charging function. *See Lee*, 706 N.W.2d at 496. Rather, the district court simply noted that the prosecutor would not agree to the vacatur of Martin's guilty plea or the dismissal of charges against him, unlike other municipal prosecutors in suburban jurisdictions in the same county. The facts noted by the district court are nothing more than "mere disagreement" with a prosecutor's decision, which is not a sufficient reason for a stay of adjudication or its equivalent. *See Foss*, 556 N.W.2d at 541; *Strok*, 786 N.W.2d at 303. Furthermore, no other justification for the district court's order has been advanced, either by the district court or by Martin. Moreover, it is plain that the record does not reflect any circumstances that would support a finding that the prosecutor committed a clear abuse of discretion in the exercise of the charging function. Such a finding is the only gateway to a stay of adjudication or its equivalent, if the prosecutor has not agreed to such a disposition. *See Lee*, 706 N.W.2d at 496.

## D E C I S I O N

The district court erred by issuing an order, over the prosecutor's objection, that stayed the imposition of Martin's sentence and provided for the future vacatur of his

11

guilty plea and dismissal of the charges against him. Therefore, we reverse the district court's order. We remand the case to the district court for consideration of Martin's conditional motion to withdraw his guilty plea.

**Reversed and remanded.**