*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1354**

State of Minnesota,
Appellant,

vs.

Charles Louis Gollop,
Respondent.

**Filed March 28, 2016
Reversed and remanded
Larkin, Judge**

Dakota County District Court
File No. 19HA-CR-14-3499

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Alina Schwartz, Campbell Knutson, Eagan, Minnesota (for appellant)

Peter J. Martin, Martin Law Firm, Minneapolis, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's order granting a stay of adjudication over appellant's objection. Because the record does not support a finding that the prosecutor

clearly abused his discretion in the exercise of the charging function, we reverse and remand for resentencing.

## FACTS

In October 2014, appellant State of Minnesota charged respondent Charles Louis Gollop with interference with an emergency call, domestic assault, fifth-degree assault, and disorderly conduct. The complaint alleged that Gollop confronted his spouse, J.E., as she arrived at a Park and Ride with a male co-worker, R.P. J.E. was a passenger in R.P.'s vehicle. According to the complaint, Gollop ran up to the driver's door of R.P.'s vehicle, opened the door, yelled at R.P., told him to exit the vehicle, and knocked R.P.'s glasses off. J.E. told an investigating officer that Gollop grabbed her and threw her to the ground when she tried to get between Gollop and R.P. and that she sustained injuries to her right elbow, right wrist, and left foot as a result. The officer observed marks on J.E.'s right elbow, right wrist, and left foot. J.E. reported that after R.P. drove away, she attempted to call 911 on her cellular phone, but Gollop grabbed the phone out of her hands and threw it. J.E. stated that she "did not feel safe" and was fearful of what Gollop might do.

In June 2015, Gollop pleaded guilty to the disorderly conduct charge, pursuant to a plea agreement that called for a stay of imposition of sentence and stayed jail time. The other charges were dismissed. The district court deferred acceptance of Gollop's plea until sentencing and ordered a presentence investigation (PSI).

The PSI recommended that the district court order a stay of adjudication. At the sentencing hearing, the prosecutor stated that he had reviewed "the recommendations [of the PSI], they do appear to be consistent with the plea agreement in this matter and we

2

simply recommend that the Court follow them." During the hearing, the district court told Gollop "I also understand and support the service to your communities that you participated in law enforcement in; and that certainly is taken into account by this Court as I do the sentence in this case for a stay of adjudication to allow you to have a complete dismissal."

After the district court stated that it was going to order a stay of adjudication, the prosecutor objected, arguing that the plea agreement was for a stay of imposition and that the state had not agreed to a stay of adjudication. After hearing argument from the parties, the district court ordered a stay of adjudication over the prosecutor's objection. Defense counsel asked whether the district court was "saying that the discretion of the prosecutor in continuing with the — with the charge may have been abused, justifying, . . . a stay of adjudication." The district court replied, "Yes."

The prosecutor questioned whether there was a factual basis for such a finding, and the district court gave the following explanation:

> Perhaps I should interject at this stage. I appreciate your comments, [prosecutor]. It is a conclusion of law that is — has been a part of the case discussions on this matter.
>
> And I'm certainly not attempting in any way to impugn your decision making or your conduct on this matter as prosecuting attorney. I will indicate to support the Court's conclusion that this Court began to preside over this hearing as a visiting Judge.
>
> And I was not presiding over the matter at the time of the plea. And I reviewed the Presentence Investigation materials and I saw that there was a recommendation[] for a stay of adjudication, and I thought that was very appropriate.
>
> And I then heard you, [prosecutor] indicate that you support the recommendations. And the Court went forward in doing its disposition, with the understanding that both attorneys had reviewed and not made corrections to the Presentence Investigation materials.

The defense relied on the recommendations, as part of its arguments, and the defendant relied on the recommendations, as part of any statements he had a right to make.

And based upon all of the circumstances, the Court will maintain the stay of adjudication, subject to appeal.

The state appeals the district court's order for a stay of adjudication.[1]

## D E C I S I O N

"Except as provided in section 152.18 or 609.375, or upon agreement of the parties, a court may not refuse to adjudicate the guilt of a defendant who tenders a guilty plea . . . or who has been found guilty by a court or jury following a trial." Minn. Stat. § 609.095(b) (2014). A district court may stay an adjudication of guilt over the prosecutor's objection "only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function." *State v. Lee*, 706 N.W.2d 491, 496 (Minn. 2005) (quotation omitted). A prosecutor has broad discretion in the exercise of the charging function and under the separation-of-powers doctrine, a court generally should not interfere with the prosecutor's exercise of that discretion. *State v. Foss*, 556 N.W.2d 540, 540 (Minn. 1996). A district court's "mere disagreement" with a prosecutor's charging decision does not justify a stay of adjudication over the prosecutor's objection. *Id.* at 541; *see State v. Martin*, 849 N.W.2d 99, 105 (Minn. App. 2014) (reversing district court's order staying adjudication in part because the facts noted by the district court were

---

[1] Gollop did not file a brief in this appeal. *See* Minn. R. Civ. App. P. 142.03 (providing that if respondent fails to file a brief, the case shall be determined on the merits).

nothing more than "mere disagreement" with the prosecutor's charging decision), *review denied* (Sept. 24, 2014).

The existence of special circumstances does not justify a stay of adjudication over the prosecutor's objection. *See Lee*, 706 N.W.2d at 496 (holding that special circumstances, in the absence of a clear abuse of the charging function, do not justify a stay of adjudication over the prosecutor's objection). However, special circumstances may be relevant to a district court's decision to stay adjudication "to the extent that those circumstances tend to establish a clear abuse of the prosecutorial charging function." *State v. Strok*, 786 N.W.2d 297, 303 n.4 (Minn. App. 2010). "Collateral consequences of a conviction do not constitute special circumstances supporting a stay of adjudication." *State v. Ohrt*, 619 N.W.2d 790, 792 (Minn. App. 2000) (citation and quotation omitted).

"This court applies a *de novo* standard of review to a district court order that precludes adjudication of a defendant's guilt." *Martin*, 849 N.W.2d at 105.

The state argues that there is no basis for the stay of adjudication in this case because "[t]he prosecutor did not 'clearly abuse' his discretion in the exercise of the charging function." The state contends that "[t]he record at the time of both the plea hearing and sentencing hearing is void of any allegations of 'clear abuse of discretion' by the prosecutor in the exercise of the charging function." We agree.

At the sentencing hearing, the district court told the prosecutor that "I'm certainly not attempting in any way to impugn your decision making or your conduct on this matter as prosecuting attorney." That statement suggests that the district court did not find a clear abuse of discretion in the exercise of the charging function. Moreover, the record does not

5

support such a finding. Although the prosecutor initially told the district court that he agreed with the PSI recommendations at the sentencing hearing, he corrected himself and objected to the stay of adjudication. The prosecutor's failure to immediately object to the stay of adjudication at the sentencing hearing does not constitute a clear abuse of *charging* discretion.

The district court mentioned the "consequences and punishments that have happened as a result of this offense" and that it understood "how the short jail term in this case was extremely embarrassing to [Gollop]," apparently referring to Gollop's attorney's statement that Gollop had served two days in jail with many of the people he had arrested over the years as a police officer. The district court also noted that there were "differences of opinion" regarding what occurred during the underlying incident. Lastly, the district court mentioned that it "support[ed] the service to [Gollop's] communities that [Gollop] participated in law enforcement in." These reasons do not establish a clear abuse of charging discretion.

In sum, the record does not indicate any circumstances that would support a finding that the prosecutor committed a clear abuse of discretion in the exercise of the charging function. The district court therefore erred by ordering a stay of adjudication over the prosecutor's objection. We reverse the stay of adjudication and remand for resentencing.

**Reversed and remanded.**