*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0607**

State of Minnesota,
Respondent,

vs.

Braden Jay Olson,
Appellant.

**Filed December 5, 2016
Reversed and remanded
Stauber, Judge**

St. Louis County District Court
File No. 69HI-CR-14-73

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Michelle M. Anderson, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Worke, Presiding Judge; Stauber, Judge; and Bratvold, Judge.

**STAUBER**, Judge

Appellant argues that the district court erred by imposing a sentence that is a dispositional departure from the presumptive sentence without impaneling a sentencing jury or accepting a waiver of a sentencing jury from appellant. We reverse and remand.

## FACTS

On November 26, 2013, a confidential reliable informant made a controlled purchase of eight hydrocodone pills from appellant Braden Jay Olson. Olson was charged with third-degree controlled substance crime, but in March 2014, he pleaded guilty to fifth-degree controlled-substance crime pursuant to a plea agreement. According to the terms of the agreement, Olson agreed to plead guilty, and the state agreed to a stay of adjudication for three years on condition that Olson participate in drug court, make restitution, undergo urinalyses, and remain sober and law-abiding.

Olson violated the conditions of probation in June 2014 and again in April 2015, but he remained on probation. In October 2015, Olson admitted to his probation officer that he had been using synthetic marijuana and providing it to other participants in the drug-court program. At a revocation hearing in December 2015, the district court found that Olson had violated the conditions of probation, was no longer amenable to probation, and that failure to revoke his probation would "unduly depreciate the seriousness of this violation." The district court adjudicated Olson guilty, imposed a sentence of one year and one day, and executed the sentence. The presumptive sentence duration under the

sentencing guidelines for Olson's conviction is a year and a day, but the presumptive disposition is a stayed sentence.

On February 8, 2016, Olson filed a motion to correct his sentence pursuant to Minn. R. Crim. P. 27.03, subd. 9. The district court concluded that it was justified in imposing an executed sentence because Olson was no longer amenable to probation. This appeal followed.

## DECISION

"The court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. A sentence is unauthorized if it is contrary to law or applicable statutes. *Evans v. State*, 880 N.W.2d 357, 359 (Minn. 2016). "This court will not reverse the district court's denial of a motion brought under rule 27.03, subdivision 9, to correct a sentence, unless the district court abused its discretion or the original sentence was unauthorized by law." *State v. Amundson*, 828 N.W.2d 747, 752 (Minn. App. 2013). Olson argues that his sentence is unauthorized by law.

Following Olson's guilty plea in 2014, the district court stayed adjudication of guilt and placed him on probation. A stay of adjudication is not a judgment of conviction, which must include a plea, verdict, adjudication of guilt, and a sentence. *Dupey v. State*, 868 N.W.2d 36, 39 (Minn. 2015). A stay of adjudication is also not a sentence. *Id.* at 40. Thus, the district court's entry of a judgment of conviction against Olson occurred in December 2015, and he was initially sentenced on that date.

The district court viewed the December 2015 hearing as a probation revocation, rather than an initial sentencing, citing *State v. Austin*, 295 N.W.2d 246, 250 (Minn.

3

1980).  In *Austin*, the defendant had been sentenced, but the sentence had been stayed and the defendant had been placed on probation.  *Id.* at 248.  The district court revoked the defendant's stayed sentence following a series of probation violations.  *Id.* at 249.

Here, Olson had not been adjudicated guilty or sentenced in 2014.  Therefore, the district court should have imposed the presumptive sentence of a year and a day, stayed, after Olson was adjudicated guilty in December 2015, unless there were aggravating factors that justified a departure from the presumptive sentence.  Minn. Sent. Guidelines 2.D.1 (Supp. 2013).[1]  "The aggravating or mitigating factors and the written reasons supporting the departure must be substantial and compelling to overcome the presumption in favor of the Guidelines sentence."  Minn. Sent. Guidelines 2.D.103 (Supp. 2013).  "[A]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *State v. Allen*, 706 N.W.2d 40, 45 (Minn. 2005) (emphasis omitted).  Executing a presumptively stayed sentence is a dispositional departure that must be supported by facts found by a sentencing jury or admitted to by a defendant.  *Id.*  Specifically, a district court finding that a defendant is unamenable to probation must be supported by a jury determination of facts found beyond a reasonable doubt.  *Id.* at 47.[2]

---

[1] The guidelines from the 2013 supplement apply because the offense date is November 2013.

[2] The current sentencing guidelines contain a more explicit statement to this effect.  "When a felony stay of adjudication is vacated and conviction is entered, the [sentencing] Guidelines must be applied.  To the extent that the sentence pronounced immediately following a revocation of a stay of adjudication is contrary to the Guidelines presumptive

4

The state argues that under Minn. Stat. § 152.18, subd. 1 (2012), a district court "may enter an adjudication of guilt and proceed as otherwise provided" after a violation of probation, and under Minn. R. Crim. P. 27.04, subd. 3, the district court may impose and execute a sentence after a probation revocation hearing. But the state is conflating two concepts. Minn. Stat. § 152.18, subd. 1, permits the district court to enter an adjudication of guilt, or a conviction; following entry of a conviction, a court "proceed[s] as otherwise provided," that is, the district court sentences a defendant. *See* Minn. R. Crim. P. 27.01-.03 (setting forth sentencing procedure). Rule 27.04 refers to revocation proceedings following a sentence. Minn. R. Crim. P. 27.04, subd. 1(2)(b); *see State v. Martin*, 849 N.W.2d 99, 102 (Minn. App. 2014) (explaining difference between stays of execution, imposition, and adjudication), *review denied* (Minn. Sept. 24, 2014). A violation of the terms of a stay of execution or imposition of sentence permits the court to execute or impose a sentence; a violation of a stay of adjudication permits a court to enter a judgment of conviction and to sentence a defendant. *Id.*

When sentencing a defendant, a court must impose the presumptive sentence unless "identifiable, substantial, and compelling circumstances to support a departure" exist. Minn. Sent. Guidelines 2.D.1. A court may depart from the presumptive sentence if there are aggravating or mitigating factors that make the *offense* more or less serious than the typical offense for a durational departure, or that make the *offender* more or less

---

sentence, that sentence is a departure." Minn. Sent. Guidelines 2.D.1.e (Supp. 2015). But this version of the sentencing guidelines became effective on August 1, 2015, and does not apply to offenses that occurred before that date. *See* Minn. Sent. Guidelines 3.G.1 (2014).

culpable for a dispositional departure. *Allen*, 706 N.W.2d at 46. "A 'dispositional departure' occurs when the court orders a disposition other than that recommended in the guidelines," including staying a sentence that would be executed or executing a sentence that is presumptively stayed under the guidelines. Minn. Sent. Guidelines 1.B.4.a(1), (2) (Supp. 2013). The district court here entered an aggravated dispositional departure by executing a presumptively stayed sentence.

But any fact, other than a prior conviction, that is necessary to support a sentence exceeding the presumptive sentence, including a dispositional departure, must be found by a jury or admitted to by the defendant, and cannot be based on judicially determined facts. *Allen*, 706 N.W.2d at 46-47. This includes a judicial determination that a defendant is unamenable to probation. *Id.* This is precisely the issue in this matter. The district court combined the sentencing and revocation-of-probation processes, found that Olson was not amenable to probation, and sentenced him to an aggravated dispositional departure. *See State v. Beaty*, 696 N.W.2d 406, 411 (Minn. App. 2005) (in probation violation hearing, when a district court stays imposition of a sentence and later vacates the stay and imposes a sentence that is an upward departure, defendant has a right to a sentencing jury hearing).

A defendant may waive his right to have a jury determine whether there are aggravating factors that would support an aggravated sentencing departure. *State v. Thompson*, 720 N.W.2d 820, 827 (Minn. 2006). But a defendant must make a knowing, voluntary, and intelligent waiver that meets the standards of Minn. R. Crim. P. 26.01, subd. 1(2)(a), which requires that a defendant be informed of the right to trial by jury and

6

be given a chance to consult with counsel.  The record here does not demonstrate that Olson was informed of his right to a jury trial on the sentencing departure.

When a district court does not place its reasons for a sentencing departure on the record at the time of sentencing, no departure will be allowed and this court must reverse the aggravated sentence and remand to the district court for imposition of a guidelines sentence.  *State v. Geller*, 665 N.W.2d 514, 517 (Minn. 2003); *see also State v. Rushton*, 820 N.W.2d 287, 290-91 (Minn. App. 2012) (reversing aggravated sentence when district court did not articulate a substantial and compelling reason to justify sentencing departure because it did not consider sentence to be a departure from guidelines).  Although the district court here stated that it was aggravating Olson's sentence because he was unamenable to probation, the court did not base that decision on facts decided by a jury. Therefore, the district court on remand cannot correct its error but must impose a presumptive sentence.

**Reversed and remanded.**